## Commonwealth *v.* Stots, Appellant.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

280

[redacted] Before
SALUS, JR., J., without a jury.

[redacted]

*John W. Packel,* Assistant Defender, with him *Daniel V. Walls* and *Leonard Sosnov,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *David Richman* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This appeal arises from a conviction of the appellant by the trial court sitting without a jury, of "willfully and wantonly pointing [or discharging] a firearm." Act of June 24, 1939, P. L. 872, §716, 18 P.S. §4716. The appellant argues that the trial court erred in finding him guilty under the indictment since it charged him with "attempt with intent to kill," and not with "willfully and wantonly pointing [or discharging] a pistol." Thus the appellant argues that the crime for which he was convicted is not a "lesser included offense." Specifically, the appellant argues, an attempt

with intent to kill can occur in any number of ways not involving the use of a firearm, so that any lesser crime involving the use of a firearm must be separately charged because it is not *"necessarily included"*[1] in the crime of attempt with intent to kill. We disagree.

The form indictment involved in the instant appeal reads as follows: "The Philadelphia County Grand Jury, by this indictment, presents: That on or about October 4, 1972, in Philadelphia County, D. L. Stots unlawfully and feloniously *did attempt to shoot, or, by drawing a trigger or in any other manner, attempt to discharge a kind of loaded arm* at one Floyd F. Mason, Jr. with intent to kill and murder the said Floyd F. Mason, Jr., all of which is against the peace and dignity of the Commonwealth of Pennsylvania." All the other allegations on the form, relevant to committing the crime of attempt with intent to kill by methods other than the use of a firearm, had been deleted. Thus, by the terms of the indictment, the Commonwealth was barred from showing the use of any other instrumentality to commit the crime, since the proof offered at trial must conform to the allegations made in the indictment.[2] Thus, the appellant was clearly on notice that part of the Commonwealth's case would require showing that the appellant pointed a firearm at the complainant on the night in question.[3] The appellant

---

[1] See, e.g., *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104 (1941).

[2] *Berger v. United States*, 295 U.S. 78 (1935) ; *Olyatt v. United States*, 197 U.S. 207 (1905). See also Am. Jur. 2d, Indictments and Informations, §261 (1968).

[3] Whether conviction for a less serious or less culpable offense may lie on an indictment for another more serious or more culpable crime is principally a question of whether the indcitment will fairly put the defendant on notice of the charges against him, so that he may prepare an adequate defense. See *United States v. Hess*, 124 U.S. 483 (1888) ; *United States v. Cruikshank*, 92 U.S.

argues in the instant case that since an attempt with intent to kill may be committed by a "baseball bat," for example, it is possible to commit the greater offense without committing the lesser. This is true as an abstraction, of course. However, under the instant indictment, the appellant could have *defended* by showing a baseball bat, not a pistol, was used in the assault.

In *Commonwealth v. Nace,* 222 Pa. Superior Ct. 329 (1972), this court stated, through Judge PACKEL, that the operation of a motor vehicle without the knowledge or consent of the owner (joyriding) was a "lesser included offense" of larceny of a motor vehicle even though, in the abstract, there could be situations where the allegations made in the indictment, while sufficient for conviction of that greater larceny offense, would not be sufficient to allow conviction of the lesser "joyriding" offense. *Id.* at 332, n. 5. In *Commonwealth v. Varner,* 74 Pa. Superior Ct. 529 (1920), the appellant had been indicted for statutory rape. However, the indictment alleged that the appellant "with force and arms, in and upon the body of [the complainant], feloniously did make an assault, [the complainant], then and there being a woman-child under the age of sixteen years. . . ." The jury returned a verdict of guilty of assault and battery with intent to ravish. This court upheld the verdict on the grounds that assault and battery with intent to ravish was a lesser included offense of the charges made out by the indictment, despite the fact that a statutory rape may be committed without there being an assault and battery.

The instant case is even stronger than *Varner* in that parts of the indictment in *Varner* were subject to being stricken as surplusage. In the instant case, proof that a firearm was used was as essential to showing

---

542 (1876). See also Am. Jur. 2d, Indictments and Informations §2 (1968).

the "greater offense" of attempt with intent to kill, as it was to showing the lesser offense of willfully or wantonly pointing [or discharging] a firearm. The lesser offense, therefore was "necessarily included." The only difference between the two offenses, a difference which appellant has not raised on this appeal, is the less culpable state of mind involved in "willfully and wantonly pointing [or discharging] a pistol," as contrasted with discharging a pistol with the specific intent to kill.[4] In any event, such a difference does not operate as a bar to finding the lesser crime to be an included offense.[5]

Judgment of sentence is affirmed.

---

[4] In *Commonwealth v. Nace*, supra, this court remanded for a hearing on whether the defendant's counsel was inadequate when he defended the automobile larceny charge by showing that the defendant never intended to permanently deprive the owner of his possession of the car. The court reasoned that defense counsel, not knowing that "joyriding" was a lesser included offense of larceny of an automobile, might have passed over some complete defense feeling that it would be easier to show the less culpable intent involved in "joyriding." That argument has not been raised here, nor would the evidence produced at trial indicate the defendant had any complete defense. Most of counsel's efforts toward complete acquittal went into his attempts at having the pistol suppressed as being the fruit of an illegal search. Although the appellant has also raised this issue, it does not merit discussion herein.

[5] See, e.g., *Commonwealth v. Penn*, 444 Pa. 526 (1971) (murder-manslaughter) ; *Commonwealth v. Soudani*, 398 Pa. 546, *cert. denied* 364 U.S. 886 (1960) (assault with intent to kill—aggravated assault and battery) ; *Commonwealth v. Comber*, 374 Pa. 570 (1953) (murder-manslaughter) ; *Commonwealth v. Nace*, supra (larceny of automobile—"joyriding"). See also ALI, Model Penal Code, §1.08. (Tent. draft No. 5, 1956.)