429 A.2d 1129

COMMONWEALTH of Pennsylvania,

v.

Kevin Eugene GOUSE, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 1980.

Filed May 15, 1981.

122

David J. Foster, Lemoyne, for appellant.

C. Joseph Rehkamp, District Attorney, New Bloomfield, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Appellant, Kevin Gouse, takes this appeal from the judgment of sentence in the Court of Common Pleas of Perry County. After a non-jury trial, Mr. Gouse was convicted of recklessly endangering another person under the Crimes Code, 18 Pa.C.S. § 2705 (1973). This section of the Crimes Code provides that:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

After Mr. Gouse's post-trial motions were denied, he was sentenced to a term of imprisonment for three to twenty-three and one-half months.

In this appeal, appellant Gouse raises two issues for our consideration: (1) that the evidence was insufficient as a matter of law to establish that he placed or might have placed his alleged victims in danger of death or serious bodily injury; and, (2) that the sentence imposed by the lower court was excessive and, therefore, should be reconsidered and modified. We agree with appellant Gouse that the evidence was insufficient to support a conviction for recklessly endangering another person and we, therefore, do not reach the sentencing allegation.

This charge arose from an incident in Marysville, Perry County, Pennsylvania, on an evening in early November, 1977. At that time, two men, James Scholl and Michael Miller, were leaving a local pool hall when they were shouted to by appellant who was sitting in his vehicle across the street. The two men got into their car and pulled alongside of appellant's vehicle. An argument ensued during which appellant Gouse raised a shotgun and pointed it at the two men for less than one minute. At this point, a mutual friend of all parties concerned intervened and the shotgun was lowered.

At trial, the Commonwealth presented no evidence which would indicate that the shotgun pointed at the two men was loaded at the time. The defendant testified that the gun was not loaded and the friend who intervened in the incident also stated that he believed the gun was not loaded.

In construing the Crimes Code section on recklessly endangering, this court has recently determined that the common law assault requirement of actual present ability to inflict harm must be shown in order to support a conviction under the statute. *Commonwealth v. Trowbridge*, 261 Pa. Super. 109, 395 A.2d 1337 (1978). Thus, the mere apparent ability to inflict harm is not sufficient for a conviction under section 2705, and the pointing of an unloaded weapon, without more, does not constitute recklessly endangering. *Id.* *See also Commonwealth v. Baker*, 287 Pa.Super. 39, 429 A.2d 709. In *Trowbridge*, however, we specifically retained the rule in *Commonwealth v. Painter*, 32 Somerset 115 (1976) which held that the pointing of an unloaded gun at a passenger filled car traveling fifty miles an hour created a great risk that the driver would lose control of the vehicle in a panic reaction to the defendant's actions. *Commonwealth v. Trowbridge*, 261 Pa.Super. at 116 n.14, 395 A.2d at 1341 n.14. The danger created in that case was a reasonably foreseeable reaction to the actor's conduct of pointing a gun. *See Commonwealth v. Baker, supra.* As such, the court in *Painter* held that the circumstances surrounding the pointing of the gun were so inherently dangerous that the required common law element of actual danger of harm was proven despite the fact that the gun was unloaded.

The Commonwealth relies on *Painter* in support of its position that the actual ability to inflict harm was present in the case *sub judice*. We cannot agree. In *Painter* the victim endangered was driving a car at fifty miles an hour, whereas the alleged victim in the instant case was the driver of a car which was stationary.[1] Nevertheless, the Commonwealth asks us to allow an inference that the requi-

1. Moreover, the Commonwealth failed to present evidence that the car was in gear or that the engine was running.

site danger of harm was present in this case due to a possible panic reaction to escape the situation by rapidly accelerating the car. Although the Commonwealth as verdict winner is entitled to all reasonable inferences to be drawn from the evidence produced, which is viewed in their favor, *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978); *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977); *Commonwealth v. Siiams*, 260 Pa.Super. 409, 394 A.2d 992 (1978); *Commonwealth v. Nelson*, 245 Pa.Super. 33, 369 A.2d 279 (1976) *aff'd* 476 Pa. 269, 382 A.2d 715 (1977), we hold that under the circumstances of this case it was not reasonably foreseeable that death or serious bodily injury would be caused to the occupants of the car as a result of Mr. Gouse's conduct. *See Commonwealth v. Baker, supra.* Despite the Commonwealth's contentions, we find *Trowbridge*, rather than *Painter* to be controlling.

■ Since the Commonwealth has failed to meet its burden of proof as to be requisite element of actual danger of death or serious bodily injury, we conclude that the evidence is insufficient to convict Mr. Gouse of recklessly endangering another person. However, as we stated in *Trowbridge*, the crime of simple result is made out despite the absence of proof of actual danger. *Commonwealth v. Trowbridge*, 261 Pa.Super. at 116, 395 A.2d at 1341. In the language of the Crimes Code, 18 Pa.C.S. § 2701(a)(3) (1973), simple assault is proved if there is an attempt "by physical menace to put another in *fear* of imminent serious bodily." (Emphasis added). Thus, the issue arises whether or not this court should remand the case to the lower court with instructions to enter a verdict of guilty for simple assault and then resentence the appellant on that charge. Certainly, this would be proper if the information put Mr. Gouse on notice that the elements of simple assault were at issue, thereby insuring him an opportunity to put forth an adequate defense to that charge. *See Commonwealth v. Stots*, 227 Pa.Super. 279, 281 n.3, 324 A.2d 480, 481 n.3 (1974) ("Whether conviction for a less serious or less culpable offense may lie on an indictment for another more serious or more

culpable crime is principally a question of whether the indictment will fairly put the defendant on notice of the charges against him so that he may prepare an adequate defense.") *See also Commonwealth v. Bryant,* 282 Pa.Super. 600, 423 A.2d 407 (1980); *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 456, 406 A.2d 1128, 1131 (1979); *Commonwealth v. Alexander,* 477 Pa. 190, 383 A.2d 877 (1978); *Commonwealth v. Jacobs,* 247 Pa.Super. 373, 372 A.2d 873 (1977). This end has been frequently achieved by the Commonwealth in one of two ways, namely: (1) they have expressly put the accused "on notice" by specifically charging him with the less culpable offense; or, (2) they have implicitly put the accused "on notice" through the information because the proven, but uncharged, crime is a lesser included offense of the charged, but unproven, offense as a matter of law. *Id.*

In the case *sub judice,* however, Mr. Gouse was not explicitly charged with simple assault. Likewise, he was not impliedly put on notice of that offense, although the factual averments in the information were sufficient to show simple assault,[2] because the offense of simple assault is not a lesser included offense of recklessly endangering another person.[3]

2.  The averments contained in the information reads as follows:
    The District Attorney of Perry County by this information charges that on or about November 12, 1977, in said County of Perry, Kevin Eugene Gouse did unlawfully, intentionally, knowingly or recklessly engage in the following conduct, to wit, did point a shotgun at James Marshall Scholl, Jr. and at Michael Miller, which conduct placed James Marshall Scholl, Jr. and Michael Miller in danger of death or serious bodily injury; which act occurred at Valley St. Extension, in the Square, Marysville, Perry County, Pennsylvania.

    However, the factual averment of intentional conduct is not enough to put the accused on notice to defend against the element in an action on charges to which intentional conduct is superfluous. 41 Am.Jur.2d *Indictments and Informations* § 312 (1968) ("it has been held that by alleging matters wholly immaterial to the description of the crime charged, the state cannot compel the defendant to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged"). *Cf. Commonwealth v. Stots,* 227 Pa.Super. at 282, 324 A.2d at 482.

3.  A person is guilty of simple assault if he or she "*attempts* by physical menace to put another in fear of imminent serious bodily injury," 18 Pa.C.S. § 2701(a)(3), whereas the crime of recklessly

With this being the case a conviction for simple assault on an information charging only recklessly endangering would be highly improper. *Commonwealth v. Ackerman*, 239 Pa. Super. 187, 361 A.2d 746 (1976); 41 Am.Jur.2d *Indictments and Informations* § 312 (1968). *Cf. Commonwealth v. Comber*, 374 Pa. 570, 97 A.2d 343 (1953). We are, therefore, constrained to discharge the appellant as we did in *Trowbridge*. Nevertheless, for future guidance, we have made apparent what we only hinted at in *Trowbridge*[4]: in order for the Commonwealth to obtain convictions for the pointing of an unloaded firearm in situations where there was no actual danger of harm to the person allegedly endangered, the indictment or information should, at the outset, specifically charge the accused with simple assault pursuant to 18 Pa.C.S. § 2701(a)(3). Since this was not done in the present case, we are left with no alternative but to discharge the appellant.

The conviction is reversed and the appellant is discharged.

WATKINS, J., files a dissenting opinion.

endangering another person is committed when one "*recklessly* engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Since simple assault requires a specific intent and recklessly endangering only requires reckless conduct, the former is not a lesser included offense of the latter because all elements of simple assault under § 2701(a)(3) are not necessarily included within the offense of recklessly endangering under § 2705. *Commonwealth v. Ostolaza*, 267 Pa.Super. 451, 406 A.2d 1128 (1979); *Commonwealth Farmer*, 244 Pa.Super. 334, 368 A.2d 748 (1976); *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976). This conclusion that simple assault, § 2701(a)(3) is not a lesser included offense of recklessly endangering, § 2705, is further buttressed by the fact that both offenses are misdemeanors of the third degree, thereby failing to meet the requirement that a lesser included offense be, in fact, a less serious crime in terms of its classification and degree. *See, e. g.*, 41 Am. Jur.2d *Indictments and Informations* § 97 (1968).

As author of *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662 (1978) this writer notes that a different subsection of the simple assault statute was at issue under the "unique" facts of that case. *Belgrave* is, therefore, distinguishable.

4. 261 Pa.Super. at 116, 395 A.2d at 1341.

WATKINS, Judge, dissenting:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Perry County, by the defendant-appellant, Kevin Eugene Gouse, after conviction non-jury of recklessly endangering under *18 Pa.C.S.A. 2705*,[1] and from the denial off post-trial motions. He was sentenced to undergo imprisonment for a period of three (3) to twenty-three and one-half (23 & ½) months.

The appellant raises two issues on appeal: (1) that the evidence was insufficient as a matter of law to establish his guilt beyond a reasonable doubt; and (2) that the sentence imposed by the court below should be reconsidered and modified.

The facts are as follows: The charges grew out of an incident in Marysville, Perry County, Pennsylvania on an evening in early December, 1977. At that time two men, James Scholl and Michael Miller, were leaving a local pool hall when they were hailed by the appellant who was sitting in his car parked across the street. The two men got into their car and pulled along side the appellant's car. After an exchange of words, the appellant pulled out a shot gun and pointed it at the two men. It remained pointed at the men for approximately one minute at which time a third party intervened and the appellant lowered the shotgun.

At the trial there was no evidence to indicate that the shotgun was loaded. Testimony was produced that it was not loaded.

The Majority Opinion relies on *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 395 A.2d 1337 (1978), in which this court rules that mere apparent ability to inflict harm is not sufficient to support a conviction under the section charged. Rather, the court held that the Common Law assault requirement of actual present ability to inflict harm must be shown in order to sustain a conviction for recklessly endan-

1. 18 *Pa.C.S.A. 2705* —"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or seriously bodily injury."

gering. This Court reversed the recklessly endangering conviction of a woman who had pointed an empty BB gun at two policemen. The Court below had pointed out that: "the court found that even though the police drew their weapons and took cover behind their car, no present ability to inflict injury on the policemen was present because the police were alone on a deserted street in the middle of the night. In addition, there was no danger to vehicular traffic or pedestrians and no crowd of people to panic."

In *Trowbridge*, supra, we specifically retained the ruling in *Commonwealth v. Painter*, 32 Somerset 115 (1976) which held that pointing a loaded gun at a passenger-filled car travelling at fifty miles an hour created a significant risk of loss of vehicular control and so provided the present ability to inflict injury under the act.

In the instant case, the trier of fact determined that under all the surrounding circumstances the pointing of the unloaded gun at the two men in the vehicle created a situation where actual serious injury may have resulted.

The victim's car was temporarily stopped alongside the appellant's vehicle. The incident occurred in early evening hours when vehicular traffic was on the street. A panic reaction to speed away to escape the situation would expose the occupants of the other vehicle to injury. The need to rapidly accelerate into traffic or to escape from the confines of the car might result in injury to them or to other innocent passersby. The court below found that the facts in this case are closer to *Painter*, supra, than to the ones in *Trowbridge*, supra, and that *Trowbridge* is not a bar to the recklessly endangering conviction of the appellant. I agree with the lower court's analysis of this situation and would affirm the defendant's conviction for recklessly endangering others.

The appellant's complaint concerning sentencing is also without merit. This was not the appellant's only offense. He was convicted by a jury of aggravated assault on a 73 year old man by means of a shot gun blast. This occurred on November 12, 1977 while the present incident took place on December 13, 1977. Appeals were filed in both cases and

were not consolidated on appeal. Sentencing took place June 18, 1979 on both cases. Petitions on both cases to modify sentence were denied. The court had before it a pre-sentence report and concluded that: "Rationale for the aforesaid imposition of a prison term is that even though this would appear to be the defendant's first offense, the act nevertheless involves the use of a firearm with its commensurate dangers; and to impose a less severe sentence would be to depreciate the seriousness of the offense." I would also affirm the sentence imposed on the defendant.