190 N.J. Super. 639 (1983)
464 A.2d 1216
STATE OF NEW JERSEY, PLAINTIFF,
v.
FERNANDO M. DIAZ, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided June 21, 1983.
*640 Pamela Hayes, for defendant (Joseph Rodriguez, Public Defender, attorney).
Frank DeVito, for the prosecution (John H. Stamler, Union County Prosecutor, attorney).
LONG, J.S.C.
The question presented is a novel one requiring interpretation of the assault provisions of N.J.S.A. 2C:12-1 et seq.: Can an individual who points an unloaded gun at a victim be convicted of aggravated assault pursuant to N.J.S.A. 2C:12-1(b)(4) or is he only exposed to a simple assault conviction under N.J.S.A. 2C:12-1(a)(3)?
The case arose as follows: Defendant, Fernando Diaz, was indicted by the Union County grand jury for several offenses, *641 one of which was aggravated assault contrary to the provisions of N.J.S.A. 2C:12-1(b)(4). Evidence at trial established that the pellet gun which Diaz pointed at his victim was not loaded and that the propelling cartridge was also missing. At the end of the State's case, Diaz moved for a judgment of acquittal on the aggravated assault charge claiming that the facts presented could sustain a conviction for simple assault only. For the reasons expressed below defendant's motion was granted and the charge against him downgraded to simple assault contrary to N.J.S.A. 2C:12-1(b)(4). He was convicted of this offense by a jury on May 19, 1983.
N.J.S.A. 2C:12-1 provides:
a. Simple assault. A person is guilty of assault if he:
(1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
(2) Negligently causes bodily injury to another with a deadly weapon; or
(3) Attempts by physical menace to put another in fear of imminent serious bodily injury.
Simple assault is a disorderly persons offense unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty disorderly persons offense.
b. Aggravated assault. A person is guilty of aggravated assault if he:
(1) Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly, or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury; or
(2) Attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon; or
(3) Recklessly causes bodily injury to another with a deadly weapon; or
(4) Knowingly under circumstances manifesting extreme indifference to the value of human life points a firearm, as defined in section 2C:39-1 f., at or in the direction of another, whether or not the actor believes it to be loaded; or
(5) Commits a simple assault as defined in subsections a. (1) and (2) of this section upon
(a) Any law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority; or
(b) Any paid or volunteer fireman acting in the performance of his duties while in uniform or otherwise clearly identifiable as being engaged in the performance of the duties of a fireman; or
(c) Any person engaged in emergency first-aid or medical services acting in the performance of his duties while in uniform or otherwise clearly identifiable as being engaged in the performance of emergency first-aid or medical services.

*642 Aggravated assault under subsection b. (1) is a crime of the second degree; under subsection b. (2) is a crime of the third degree; under subsection b. (3) and b. (4) is a crime of the fourth degree; and under subsection b. (5) is a crime of the third degree if the victim suffers bodily injury, otherwise it is a crime of the fourth degree.
In general, the simple and aggravated provisions of this statute are structurally parallel.[*] For example, the conduct addressed by N.J.S.A. 2C:12-1(a)(1) is attempts to cause bodily injury while the conduct addressed by N.J.S.A. 2C:12-1(b)(1) is attempts to cause serious bodily injury. Similarly, N.J.S.A. 2C:12-1(a)(2) prohibits the act of negligently causing bodily injury with a deadly weapon, while its counterparts N.J.S.A. 2C:12-1(b)(2) & (3) address purposeful, knowing, or reckless conduct of the same sort. The rationale underpinning this grading appears to be a legislative judgment that the aggravated offenses constitute a more serious risk to life or limb. It is the distinction between the parallel provisions of N.J.S.A. 2C:12-1(a)(3) and N.J.S.A. 2C:12-1(b)(4) which is at issue here. N.J.S.A. 2C:12-1(a)(3) provides that a person is guilty of simple assault if he "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." This section codifies our prior law which clearly established the subjective "well-founded apprehension of peril" on the part of the victim as the polestar of a simple assault inquiry. State v. Drayton, 114 N.J. Super. 490, 492 (App.Div. 1971). By the enactment of this language, the Legislature has shown that it is capable of creating a subjective test where it deems such a standard to be appropriate. On the contrary, N.J.S.A. 2C:12-1(b)(4) which prohibits the pointing of a firearm "[k]nowingly under circumstances manifesting extreme indifference to the value of human *643 life" establishes an objective standard. For it is not the victim's belief which is at issue in this aggravated form of assault, but actions on the part of the defendant which in fact exhibit an extreme indifference to human life. This distinction is critical to the loaded/unloaded gun analysis. For under a subjective standard the fact that a gun is unloaded would be irrelevant to the fear and apprehension of the victim and therefore the pointing of an unloaded gun could underpin a conviction for simple assault. State v. Jones, 160 N.J. Super. 146 (App.Div. 1978). Contrariwise, where an objectively serious threat to life or limb is the prohibited conduct, as in the case of aggravated assault, an unloaded gun would simply not pass muster.[**] As the court recently observed in a similar connection in the case of State v. Butler, 89 N.J. 220 (1982):

*644 elsewhere in the Criminal Code, when the Legislature intended a subjective test to apply, it provided explicit language to that effect. For example, a defendant can be convicted of aggravated sexual assault if he is "armed with a weapon or any object fashioned in such a manner as to lead the victim to reasonably believe it to be a weapon and threatens by word or gesture to use the weapon or object." N.J.S.A. 2C:14-2(a)(4). And second degree burglary is committed when the actor "is armed with or displays what appears to be explosives or a deadly weapon." N.J.S.A. 2C:18-2(b)(2). Furthermore, the predecessor, to N.J.S.A. 2C:15-1 explicitly established a subjective test by defining "deadly weapon" as "any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for [a dangerous instrument]." N.J.S.A. 2A:151-5 (repealed September 1, 1979). Thus, the Legislature has consistently used explicit language to establish a subjective test. Because such language is absent from the Code section now in question, it should be interpreted as requiring the objective presence of a deadly weapon. See Key Agency v. Continental Casualty Co., 31 N.J. 98, 103 (1959). [Id. at 229-230]
The State argues that the language of N.J.S.A. 2C:12-1(b)(4) which proscribes the pointing of a firearm "whether or not the actor believes it to be loaded" belies a legislative intent to obliterate the loaded/unloaded gun distinction. This construction reads out of the act entirely the phrase dealing with the actor's belief. It is well established that an opposite rule of statutory interpretation ordinarily applies. For it is never assumed "that the Legislature used meaningless language." Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969). Furthermore, in terms of statutory interpretation, this statute is neither ambiguous nor obscure. The only obscure thing about it is the State's attempt to substitute the phrase "whether or not it is loaded" for the actual legislative language: "whether or not the actor believes it to be loaded." In the absence of ambiguity it is this court's obligation to glean the intent of the Legislature from the words themselves and to construe the act so as to apply that intent. Marsh v. Finley, 160 N.J. Super. 193 (App.Div. 1978), certif. den. 78 N.J. 396 (1978); Gangemi v. Berry, 25 N.J. 1 (1957). The words of this statute leave no doubt as to its meaning. The language "whether or not the actor believes it to be loaded" does not upgrade the pointing of an unloaded gun to an aggravated offense. Rather, it provides that the pointing of a loaded gun (with its actual potential for injury) deserves enhanced treatment, notwithstanding the actor's claim that he *645 was unaware that the gun was loaded. In other words, the language at issue eliminates a possible defense which might otherwise have been available to the actor, no more and no less. In light of this conclusion, defendant's motion has been granted and the charge against him downgraded to simple assault.
NOTES
[*] The one exception is N.J.S.A. 2C:12-1(b)(5) which has no parallel in the simple assault sections. This statute enhances the act of simple assault to aggravated assault based solely upon the status of the victim. Policemen, firemen, and first-aid squad workers receive the protection of this section apparently as a result of a legislative judgment that the potential for serious consequences resulting from an assault on such persons acting in the performance of their duties is great.
[**] N.J.S.A. 2C:12-1(b)(4) can loosely be categorized as a reckless endangerment statute. It is based upon a provision of the Model Penal Code  10 West's ULA § 211.2 (Master ed. 1974) which prescribes that:

A person commits a misdemeanor if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. Recklessness and danger shall be presumed where a person knowingly points a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded.
Resort to out of state cases on this issue has not been particularly helpful because of extreme variations in the statutory language being interpreted. Two Pennsylvania cases are relevant to this analysis however. In Commonwealth v. Gouse, 287 Pa. Super. Ct. 120, 429 A.2d 1129 (Super.Ct. 1981) the court held that the pointing of an unloaded gun would support a conviction for simple assault under a statute identical to N.J.S.A. 2C:12-1(a)(3) but not for reckless endangerment because of the absence of actual danger to life or limb. 429 A.2d at 1131. Similarly, the court in Commonwealth v. Trowbridge, 261 Pa. Super. Ct. 109, 395 A.2d 1337 (Super.Ct. 1978) held that the reckless endangerment statute "retains the common law assault requirement of actual present ability to inflict harm" and that while pointing an unloaded gun would sustain a conviction for simple assault (again under a statute identical to our own) it would not support a conviction for reckless endangerment. 395 A.2d at 1340-1341; footnote omitted. Concededly, the Pennsylvania reckless endangerment statute differs from our own in certain respects. Nevertheless, an analogy can be drawn between the statutory schemes generally and more particularly between the relationship of the simple and enhanced offenses in each act.