J-S68019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v. :
:
:
:
CURTIS DALE HANDY, :
:
Appellant :   No. 399 MDA 2017

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002824-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:           **FILED MARCH 05, 2018**

Appellant, Curtis Dale Handy, appeals from the Judgment of Sentence entered by the Berks County Court of Common Pleas following his convictions after a bench trial of Disorderly Conduct and Recklessly Endangering Another Person ("REAP").[1] We affirm on the basis of the trial court's May 10, 2017 Opinion.

The trial court summarized the relevant underlying facts as follows:

At [trial], Jeffrey Smith testified for the Commonwealth [that he] was driving eastbound on Route 422 when he observed a vehicle driven by [Appellant] merge onto the highway and cut off a BMW. Mr. Smith testified that the BMW had to [brake] hard to avoid crashing into [Appellant's] car. According to Mr. Smith, the BMW then pulled into the right lane and accelerated. Mr. Smith testified that in response, [Appellant] also accelerated to prevent the BMW from passing him.

---

[1] 18 Pa.C.S. § 5503(a)(1) and 18 Pa.C.S. § 2705, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

> Mr. Smith stated that the two cars continued to jockey back and forth until they passed the Mount Penn exit. At that point, the BMW, which was in the left lane, drove parallel to a car in the right lane to prevent anyone from passing. As the cars approached DeMoss Road, the BMW moved to the left as if it were going to make a left turn onto DeMoss Road. Mr. Smith testified that [Appellant's] car, which had been behind the BMW, then accelerated quickly to the left of the BMW. Mr. Smith then observed [Appellant] point a black handgun at the driver of the BMW. This court found Mr. Smith's testimony credible.

Trial Court Opinion, filed 5/10/17, at 3-4.

After a bench trial, the trial court convicted Appellant of Disorderly Conduct and REAP. On November 22, 2016, the trial court sentenced Appellant to an aggregate term of two years' probation. Appellant filed a timely Post-Sentence Motion, which the trial court denied on February 9, 2017.

On March 3, 2017, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant avers that the evidence was insufficient to support his REAP conviction. **See** Appellant's Brief at 4. He argues that the Commonwealth failed to prove that the gun could have been fired when he pointed it at the motorist since it had "bullets in the clip BUT not a bullet in the chamber." Appellant's Brief at 10-13.[2]

_____

[2] Appellant also avers that the Commonwealth failed to prove Appellant's minor child was endangered as set forth in the Criminal Information. Appellant failed to present this issue in his Pa.R.A.P. 1925(b) Statement of Errors, and the trial court did not address this issue in its Pa.R.A.P. 1925(a)
*(Footnote Continued Next Page)*

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Id***. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. ***Id***. at 39-40.

"A person commits [REAP,] a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. REAP "is a crime directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have." ***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014) (citation and quotation marks omitted). "A person acts in a reckless manner when he consciously

*(Footnote Continued)* ───────────

Opinion. Thus, Appellant waived this issue. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*) (holding that "when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review."). Insofar as the Brief also suggests, for the first time, errors regarding the Criminal Information and the denial of a motion for judgment of acquittal, these claims are also waived.

disregards a substantial and unjustifiable risk." ***Id.*** (citing 18 Pa.C.S. § 302(b)(3)).

The Honorable Eleni Dimitriou Geishauser, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's sufficiency claim. We, thus, affirm on the basis of the trial court's May 10, 2017 Opinion. ***See*** Trial Court Opinion, 5/10/17, at 2-5 (concluding that sufficient evidence supported the REAP conviction because, *inter alia*, (1) Appellant conceded the firearm was loaded during his testimony at trial; (2) the police officer who recovered the firearm from Appellant also testified that it was loaded; and (3) there is no supporting authority for Appellant's novel theory).

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of REAP. Appellant's sufficiency challenge, thus, fails.

The parties are instructed to attach a copy of the trial court's May 10, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: March 5, 2018

- 4 -

COMMONWEALTH OF PENNSYLVANIA:    IN THE COURT OF COMMON PLEAS

:   OF BERKS COUNTY, PENNSYLVANIA

:   CRIMINAL DIVISION

VS.                  :

:   No. 2824-16

:

CURTIS HANDY           :    DIMITRIOU GEISHAUSER, J.

Karissa Rodriguez, Esquire, Assistant District Attorney,
     Attorney for the Commonwealth

Kevin Feeney, Esquire,
     Attorney for the Defendant

**MEMORANDUM OPINION, GEISHAUSER, E.D. JUDGE,**          **May 10, 2017**

On November 22, 2016, following a bench trial, the Defendant was found guilty of disorderly conduct,[1] and recklessly endangering another person.[2]  That same day, he was sentenced to two years of probation.  On December 2, 2016, the Defendant filed Post-Sentence Motions, which were denied by this court on February 9, 2017.  On March 3, 2017 the Defendant filed a Notice of Appeal.  On March 8, 2017, this court ordered the Defendant to file a Concise Statement of Errors Complained of on Appeal.  The Defendant complied with this court's order on March 27, 2017.  In his appeal, the Defendant alleges the following errors, which are set forth verbatim:

1.      The Court erred in denying defendant's post sentence motions.

2.      The evidence is insufficient to support a verdict for reckless [sic] endangering another person The Commonwealth did not prove an actual, not merely theoretical or perceived, danger.  See Commonwealth v. Cancilla, 437 Pa. Super. 317, 649 A.2d 991 994

---

[1] 18 Pa.C.S.A. § 5503(a)(1)
[2] 18 Pa.C.S.A. § 2705

1

(Pa. Super. 1994) ("Danger, and not merely the apprehension of danger, must be created.)

3.	The Court erred in failing to acquit of reckless [sic] endangering, when the gun was not able to fire in the state with no bullet in firing position.

4.	The Commonwealth did not prove an immediate ability to case [sic] death or serious bodily injury at the moment.

5.	The Commonwealth did not prove any intent to cause public inconvenience. At most the allegations were that Curtis' actions were directed at a single individual. Additionally, the charge and facts do not support a conviction for M3 grading. There is not intent to cause substantial harm to the public or serious inconvenience. The conviction for M3, 18 Pa CSA 5503 (a) was not proven beyond a reasonable doubt.

(Concise Statement of Errors Complained of on Appeal, 3/27/17).

## POST-SENTENCE MOTIONS

The Defendant first argues that this court erred in denying his Post-Sentence Motions. It is well established that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016). Here, the Defendant provides no explanation as to why he believes this court erred in denying his Motions. Accordingly, this issue should be deemed waived.

## SUFFICIENCY OF THE EVIDENCE

The Defendant next argues that the evidence was insufficient to support his conviction for recklessly endangering another person because "the Commonwealth did not prove an actual, not merely theoretical or perceived, danger." The Defendant contends, without citing to any evidence presented at trial, that "the gun was not able to

2

fire in the state with no bullet in the firing position." The Defendant also argues that "[t]he Commonwealth did not prove an immediate ability to cause death or serious bodily injury at the moment."

Sufficiency of the evidence claims are questions of law. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict where it establishes each material element of the crime charged, and the commission thereof by the accused, beyond a reasonable doubt." *Id.* When reviewing a sufficiency claim, an appellate court must view the evidence in the light most favorable to the verdict winner. *Id.* The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Commonwealth v. Lewis*, 911 A.2d 558, 563 (Pa. Super. 2006). Furthermore, "any doubts regarding an appellant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.*

In the instant case, the Defendant was convicted of recklessly endangering another person and disorderly conduct. Pursuant to the Crimes Code, a person is guilty of recklessly endangering another person if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

At trail, Jeffrey Smith testified for the Commonwealth. Mr. Smith, who works as a financial advisor for Wells Fargo, was driving eastbound on Route 422 when he observed a vehicle driven by the Defendant merge onto the highway and cut off a

3

BMW. (N.T. Trial at 6-8). Mr. Smith testified that the BMW had to break hard to avoid crashing into the Defendant's car. According to Mr. Smith, the BMW then pulled into the right lane and accelerated. Mr. Smith testified that in response, the Defendant also accelerated to prevent the BMW from passing him. (N.T. at 9).

Mr. Smith stated that the two cars continued to jockey back and forth until they passed the Mount Penn exit. At that point, the BMW, which was in the left lane, drove parallel to a car in the right lane to prevent anyone from passing. (N.T. at 10). As the cars approached DeMoss Road, the BMW moved to the left as if it were going to make a left turn onto DeMoss Road. Mr. Smith testified that the Defendant's car, which had been behind the BMW, then accelerated quickly to the left of the BMW. (N.T. at 11). Mr. Smith then observed the Defendant point a black handgun at the driver of the BMW. (N.T. at 12). This court found Mr. Smith's testimony credible.

In *Commonwealth v. Grouse*, 287 Pa. Super. 120 (Pa. Super. 1981), the Superior Court of Pennsylvania held that the evidence was insufficient to support the defendant's conviction for recklessly endangering another person because the Commonwealth presented no evidence that a shotgun pointed at two men was loaded and because the defendant testified that the gun was not loaded. In contrast to *Grouse*, in the instant case Officer Sean Fullerton testified that when he seized the weapon, it was "loaded." (N.T. at 26). The Defendant, who testified on his own behalf at trial, also testified that the gun was "fully loaded." (N.T. at 48). There was no testimony whatsoever to support the theory that the Defendant is attempting to argue on appeal, namely that "the gun was not able to fire in the state with no bullet in firing position."

4

Accordingly, this claim is without merit.

With regard to his disorderly conduct conviction, the Defendant argues that the Commonwealth did not prove any intent to cause public inconvenience because his actions "were directed at a single individual." Pursuant to the Crimes Code, "A person is guilty of disorderly conduct if "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S.A. § 5503 (a)(1).

In *Commonwealth v. Reynolds*, 835 A.2d 720 (Pa. Super. 2003), the Superior Court held that the act of pulling a gun and threatening the lives of the victims with it in a public place constituted disorderly conduct. Moreover, here, as in *Reynolds*, the Commonwealth, through the testimony of its unbiased witness, Jeffrey Smith, established that the Defendant was the aggressor and was not acting in self-defense. Therefore, this claim is also without merit.

## GRADING

Finally, the Defendant argues that because he had no intent to cause substantial harm or inconvenience to the public, the facts do not support a conviction for disorderly conduct graded as a misdemeanor of the third degree. Pursuant to the Crimes Code, disorderly conduct "is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist." 18 Pa.C.S.A. § 5503(b). In *Commonwealth v. Fedorek*, 596 Pa. 475, 489, 946 A.2d 93, 101-02 (Pa. 2008), the Pennsylvania Supreme Court held that "Section 5503(b) does not require that the Commonwealth prove that an

5

offender acted with intent to cause substantial *public* harm or serious *public* inconvenience, but only that the offender acted with intent to cause substantial harm or serious inconvenience, in order to sustain a conviction for disorderly conduct as a misdemeanor of the third degree." The evidence presented at trial, specifically that the Defendant pointed a loaded handgun at a fellow motorist on one of the busiest highways in the county, certainly meets this standard. Therefore, this claim must also fail.

For the aforementioned reasons, we respectfully request that the Defendant's appeal be denied.