# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                  :
        v.                        :      No. 274 C.D. 2020
                                  :      SUBMITTED:  November 15, 2021
Adam James Moore,                 :
                Appellant         :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  December 13, 2021**

Adam James Moore, Appellant, appeals from the verdict after trial finding him guilty of failure to confine a dog under Section 305(a)(1) of the Dog Law,[1] 3 P.S. § 459-305(a)(1), entered by the Court of Common Pleas of Chester County on appeal from a magisterial district court.  We reverse and vacate the conviction.

On March 25, 2018, Appellant was issued a citation charging a violation of Section 502-A(a) of the Dog Law,[2] 3 P.S. § 459-502-A(a) (relating to summary offense of harboring a dangerous dog), by an officer of the West Caln Township Police Department.  On June 27, 2018, a summary trial was held before a Chester County magisterial district judge (MDJ).  Although there is no record of the

---

[1] Section 305(a)(1) of the Act of December 7, 1982, P.L. 784, *as amended*, 3 P.S. § 459-305(a)(1).

[2] Section 502-A(a) of the Act of December 7, 1982, P.L. 784, *as amended*, added by Section 2 of the Act of May 31, 1990, P.L. 213, 3 P.S. § 459-502-A(a).

proceedings before the MDJ (as is normal for a court not of record), according to the docket sheet the MDJ disposed of the summary charge under Section 502-A(a) by finding Appellant guilty of what the MDJ apparently believed was a lesser included offense, Section 305(a)(1), 3 P.S. § 459-305(a)(1) (relating to confinement and control of dogs) (Reproduced Record "R.R." at 40a), and imposed fines, costs, and restitution.[3]

Appellant filed a notice of appeal from the summary conviction in the trial court. Appellant further filed a motion to quash the lower court conviction as void *ab initio*, contending that Section 305(a)(1) is not a lesser included offense of Section 502-A(a) because the essential elements of the former are not included in the latter and because both offenses are equally culpatory as summary offenses without mandatory sentences.

The trial court denied the motion to quash, stating that because Appellant had not filed a writ of *certiorari* with the trial court, it did not have "any authority for proceedings under an appeal to do anything other than hold a trial *de novo*." (Notes of Testimony "N.T." at 11, R.R. at 33a.) Having denied the motion, the trial court directed the Commonwealth to present its case. Recognizing the finality of the trial court's decision to deny the motion to quash, Appellant reserved his right to appeal on the motion (N.T. at 14 and 16, R.R. at 36a and 38a), and stipulated that the Commonwealth's witness would provide sufficient evidence to meet the standard of Section 305(a)(1) and that those witnesses could be found credible by the trial court. Thus, the trial court found Appellant guilty and reimposed the fines, costs, and restitution ordered by the MDJ.

---

[3] Appellant stipulated that the witnesses would establish a violation of Section 305(a)(1). The citation itself reads: "[D]efendant's dog 'Buck' inflicted severe injury to another dog [without] provocation while off the owner[']s property." (Non-Traffic Citation Summons, Reproduced Record "R.R." at 5a.)

Appellant filed an appeal with the Superior Court[4] and, upon order of the trial court, filed a concise statement of errors complained of on appeal, contending that the conviction under Section 305(a)(1) was void *ab initio*; that the trial court erred in stating that Appellant was required to request a writ of *certiorari* to challenge the conviction by the MDJ; that the trial court lacked the authority to conduct a trial *de novo* on the Section 305(a)(1) offense because it was not originally charged and was not a lesser included offense; and that the MDJ erred by finding Appellant guilty of Section 305(a)(1).

The trial court issued an opinion under Pennsylvania Rule of Appellate Procedure 1925(a). The trial court concluded that the appeal from the conviction did not raise the issue concerning whether Appellant could be convicted of Section 305(a)(1) because a trial *de novo* "merely establishes that the [trial court] is hearing the case for the first time, as if it had originated there,"[5] and that any error made by the issuing authority was "nullified by the appeal." (Trial Ct. Op. at 2.)

The trial court further concluded that the issue of whether the trial court could conduct a trial *de novo* on the offense of Section 305(a)(1) was not raised before it and therefore was waived. The trial court did note the motion to quash but, proceeding from the premise that the issue was not raised, stated that if it was raised, the correct path might have been to "proceed to trial on the issue of whether or not [D]efendant violated [Section 502-A(a)]" and opined that

> [Appellant]'s position that he was found not guilty of
> violating that provision is misplaced and is antithetical to
> his position that [Section 305(a)(1)] is not a lesser included

---

[4] A panel of the Superior Court determined that Appellant's appeal was within the jurisdiction of this Court pursuant to Section 762(a)(2) of the Judicial Code, 42 Pa.C.S. § 762(a)(2), and transferred it accordingly. *Commonwealth v. Moore* (Pa. Super., No. 472 EDA 2019, filed February 5, 2020).

[5] The trial court quoted *Commonwealth v. Ball*, 146 A.3d 755, 768 (Pa. 2016), for this proposition.

offense . . . . In fact, if [Appellant] is correct and the [MDJ] did not have authority to find the [Appellant] guilty of a violation of [Section 305(a)(1)], then there was never any action taken by the [MDJ] on the alleged violation of [Section 502-A(a)] as the record recites as the disposition of that charge only "guilty of a lesser charge." While a finding of guilt of a lesser included offense might be an acquittal of the greater offense, a finding of guilt of an unrelated charge is not.

(Trial Court Op. at 2.) The trial court states in a footnote that

[Appellant] also raises the issue that we erred by referring to a writ of *certiorari*. Although [Appellant] is correct that the Rules of Criminal Procedure do not provide for such writs, our inadvertent, off hand, remark about this procedure is harmless error. We were, of course, obviously referring to Pa.R.C.P.M.D.J. No. 1009, which is applicable only to civil cases.

(Trial Ct. Op. at 2-3 n.1.)

On appeal, Appellant raises three issues: (1) whether the magisterial district court erred in finding Appellant guilty of Section 305(a)(1) as a lesser included offense of Section 502-A(a); (2) whether the trial court erred by denying Appellant's motion to quash the magisterial district court's conviction under Section 305(a)(1) as void *ab initio*; and (3) whether the trial court lacked authority to conduct a trial *de novo* on the offense of Section 305(a)(1) since that offense was neither originally charged nor a lesser included offense of the originally charged offense. (Appellant's Br. at 5.) The Commonwealth responds that all these issues were waived for failure to request a writ of *certiorari* from the trial court.

We address the second issue raised by Appellant first. As Appellant points out, Rule 460 of the Rules of Criminal Procedure provides that a notice of appeal must be filed from a summary conviction with the clerk of courts, Pa.R.Crim.P. 460(A), and that a notice of appeal "shall provide the *exclusive* means

4

of appealing from a summary guilty plea or conviction," Pa.R.Crim.P. 460(E) (emphasis added). Further, "[c]ourts of common pleas shall not issue writs of *certiorari* in such cases." *Id.* "*Certiorari* was abolished by the Criminal Rules in 1973 pursuant to Article V Schedule Section 26 of the Constitution of Pennsylvania [Pa. Const. art. V, § 26], which specifically empowers the Supreme Court of Pennsylvania to do so by rule." Note to Pa.R.Crim.P. 460.

Rule of Criminal Procedure 462 provides that upon appeal, the case "shall be *heard de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(A) (emphasis supplied). There is nothing in Rule 462 that suggests that common pleas' *de novo* proceedings may not include rulings on matters of law, such as whether a defendant may be convicted of an offense that was neither charged nor constituted a lesser included offense within the offense that was charged. A trial *de novo* obviates the necessity for common pleas to review the first proceedings for trial error; where the defendant on appeal asserts a legal defense to the charge, common pleas can and must adjudicate that legal claim *de novo* and not as a matter of appellate review, no matter whether the defendant couches his defense in the wrong procedural language. The very purpose of the Rules of Criminal Procedure is to "provide for the just determination of every criminal proceeding." Pa.R.Crim.P. 101(A). Further, those rules are to be "construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Pa.R.Crim.P. 101(B).

Turning to the issue of whether conviction under Section 305(a)(1) was proper, we find that it was not. "Whether conviction for a less serious or less culpable offense may lie on an indictment for another more serious or more culpable crime is principally a question of whether the indictment will fairly put the defendant on notice of the charges against him, so that he may prepare an adequate defense." *Commonwealth v. Stots*, 324 A.2d 480, 481 n.3 (Pa. Super. 1974). Such notice may

be implicit when the uncharged crime is a lesser included offense of the charged, but unproven, offense as a matter of law. *Commonwealth v. Gouse*, 429 A.2d 1129, 1132 (Pa. Super. 1981).

> Section 502-A(a) provides, in pertinent part, as follows:
>
> The owner or keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the magisterial district judge finds beyond a reasonable doubt that the following elements of the offense have been proven:
>
> > (1) The dog has done any of the following:
> >
> > . . . .
> >
> > > (ii) Killed or inflicted severe injury on a . . . dog . . . without provocation while off the owner's property.
> >
> > (2) The dog has either or both of the following:
> >
> > > (i) A history of attacking human beings and/or domestic animals, dogs or cats without provocation.
> > >
> > > (ii) A propensity to attack human beings and/or domestic animals, dogs or cats without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1)(i), (ii), (iii) or (iv).
> >
> > (3) The defendant is the owner or keeper of the dog.

3 P.S. § 459-502-A(a). Section 305(a)(1) of the Dog Law provides, in pertinent part, as follows: "[i]t shall be unlawful for the owner or keeper of any dog to fail to keep at all times the dog in any of the following manners: (1) confined within the premises of the owner . . . ." 3 P.S. § 459-305(a)(1). It is obvious that a requirement to keep

one's dog confined to his premises does not constitute a subset of the elements of an offense involving attacks by a dangerous dog.[6] Even if, as conceded by Appellant at trial, the elements of Section 305(a)(1) were or could have been proven, it does not qualify as a lesser included offense. *See Gouse*, 429 A.2d at 1132 n.2 [quoting 41 Am. Jur. 2d *Indictments and Informations* § 312 (1968) ("[I]t has been held that by alleging matters wholly immaterial to the description of the crime charged, the state cannot compel the defendant to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged")]. It is immaterial that the MDJ had already erroneously convicted Appellant of the Section 305(a)(1) offense. The fact remains that Appellant was not charged with violating that provision and since it is not a lesser included offense to the crime that was charged, the trial court could not convict Appellant of violating Section 305(a)(1) any more than could the MDJ.

We decline to follow the suggestion of the trial court that the matter be remanded for a trial *de novo* on Section 502-A(a). (Trial Ct. Op. at 3.) The trial court's apparent rationale is that "[w]hile a finding of a lesser included offense might be an acquittal of the greater offense, a finding of guilt of an unrelated charge is not." (*Id.* at 2.) The trial court's analysis misses the mark. It is not Appellant's conviction on Section 305(a)(1) that amounts to an acquittal of Section 502-A(a); it is the fact that he was placed in jeopardy when he was brought to trial before the MDJ on Section 502-A(a) and was not found guilty. The double jeopardy prohibition[7] has been explained as follows:

---

[6] Additionally, as pointed out by Appellant, both offenses are summary offenses without mandatory sentences. Thus, Section 305(a)(1) is not more culpatory than Section 502-A(a) and, for that reason, also cannot be considered a lesser included offense. *See Gouse*, 429 A.2d at 1132 n.3.

[7] Both the United States and Pennsylvania Constitutions prohibit a second prosecution for the same offense after acquittal. *See* U.S. Const. amend. V; Pa. Const. art. I, § 10.

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Commonwealth v. Ball*, 146 A.3d 755, 763 (Pa. 2016) [quoting *Green v. United States*, 355 U.S. 184, 187-88 (1957)]. While *Ball* involved an acquittal of a greater included offense and a conviction by an MDJ of what was, in fact, a lesser included offense, we do not believe this distinction to be material. American double jeopardy jurisprudence affords the utmost finality to acquittals. *Ball*, 146 A.3d at 764. This is the case no matter if the acquittal is "unreasonable," "erroneous," or "mistaken," or the extreme degree to which it is any of those. *Id.* at 764 [quoting *Commonwealth v. Tillman*, 461 A.2d 795, 796-797 (Pa. 1983) (compiling United States Supreme Court cases to this effect)]. Although this case differs from *Ball* in that here the verdict by the magisterial district court was not a conviction for a lesser included offense, we believe the gravamen of the double jeopardy protections afforded by the federal and state constitutions is that the government may not be given repeated opportunities to obtain a conviction after an acquittal.

In light of the foregoing, the order of the trial court is reversed and Appellant's conviction is vacated.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
            v.    :    No. 274 C.D. 2020
    :
Adam James Moore,    :
         Appellant    :

# **O R D E R**

AND NOW, this 13th day of December, 2021, the order of the Court of Common Pleas of Chester County is REVERSED and Appellant's conviction is VACATED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita