514 A.2d 602

**COMMONWEALTH of Pennsylvania**

v.

**Joseph P. MORTIMER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1986.

Filed Aug. 25, 1986.

Raymond H. Bogaty, Public Defender, Grove City, for appellant.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Com., appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

On December 27, 1984, appellant Joseph Mortimer was charged with taking an "Atari Pitfall" video tape, worth $10.97, from a Hills Department Store. He appeared before the Court of Common Pleas, Mercer County, on June 12, 1985 and pled guilty to retail theft. This was appellant's second conviction for retail theft. His first conviction occurred in 1980 when he pled guilty before a district magistrate, without the benefit of counsel, and was fined $100 and assessed $26 costs. At sentencing on June 12, 1985, the trial court considered the prior conviction and enhanced the grading of the current offense from a summary viola-

tion to a second degree misdemeanor, pursuant to 18 Pa. C.S. § 3929(b)(1)(ii).[1] The court then sentenced appellant to a minimum of 60 days and a maximum of 8 months in the Mercer County Jail. Following the imposition of sentence for the second retail theft conviction, appellant filed a Motion to Modify the Sentence alleging that the trial court erred in using his prior uncounseled conviction to enhance the present charge. The motion was denied and this appeal followed.

On appeal, appellant raises one issue, alleging that the trial court erred in ruling that a prior uncounseled guilty plea may be used to enhance the grading of a subsequent retail theft conviction from a summary offense to a misdemeanor. According to appellant, the enhanced grading of retail theft under these circumstances violates article I, section 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution by denying criminal defendants the right to counsel. The crux of appellant's argument is that all defendants charged with summary criminal offenses are constitutionally entitled to the assistance of counsel. In the alternative, appellant argues that criminal defendants have the right to counsel in summary proceedings if the summary conviction is to be used to enhance the grading of a subsequent offense.

In holding that appellant's arguments lacked merit, the trial court discussed *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), a United States Supreme Court plurality opinion relied on by appellant. The court noted that *Baldasar* lacks a majority opinion and fails to set forth a clear holding. *Baldasar* is further complicated by a division among the federal courts as to which rule of interpretation should be applied to the case.[2] After analyz-

---

**1.** § 3929. Retail Theft
　(b) Grading.—
　(1) Retail theft constitutes a: '
　　(ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

**2.** One school of thought maintains that when an opinion is issued by a divided court—that is, a five justice plurality unable to agree on one

ing the case according to each interpretation, the court concluded that under either approach, appellant is not entitled to relief.

In arguing to our Court that the enhancement provision is unconstitutional, appellant cites the case of *Commonwealth v. Thomas*, 510 Pa. 106, 507 A.2d 57 (1986) which was pending before the Pennsylvania Supreme Court when this appeal was taken. He concedes that "a decision by the Supreme Court in [this case] would be dispositive of this appeal." Brief for Appellant at 7. *Thomas*, which like the instant case originated in Mercer County, has since been decided by the Pennsylvania Supreme Court and does indeed address the same issue raised by appellant. The appellant in *Thomas*, James Arden Thomas, entered an uncounseled guilty plea for the summary offense of retail theft when he was seventeen years old. Four years later, Thomas again pled guilty to retail theft for the theft of spark plugs valued at $12.71. Because this was Thomas's second conviction, the offense was enhanced to a second degree misdemeanor. He received a seven-day jail term for this conviction.

The second appellant in *Thomas*, Emily Clay Bruce, proceeded under similar facts. She entered an uncounseled guilty plea for the summary offense of retail theft when she was sixteen. Approximately 2½ years later, she was charged with committing a second degree misdemeanor for the theft of a necklace valued at $2.84. She was sentenced to one year probation.

On appeal, appellants Thomas and Bruce raised the issue of whether their prior convictions for retail theft, which were based upon uncounseled guilty pleas, were constitu-

rationale—the holding of the court may be considered to be the "position taken by those members who concur in the judgment on the narrowest grounds." *United States v. Martino*, 664 F.2d 860, 872 (2d Cir.1981), *cert. denied*, 458 U.S. 1110, 102 S.Ct. 3493, 73 L.Ed.2d 1373 (1982).

The second position, announced in *United States v. Robles-Sandoval*, 637 F.2d 692 n. 1 (9th Cir.1981), maintains that the opinions in *Baldasar* conflict to the extent that no rule can be said to have resulted.

tionally insufficient to upgrade their second retail theft convictions to misdemeanors. The appellants also questioned whether their subsequent convictions could be enhanced as a result of the prior convictions for retail theft received when they were juveniles.

To answer the first issue, the Court initially looked to the United States Supreme Court's decision in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The Supreme Court in *Scott* held that the Sixth and Fourteenth Amendments do not require a state trial court to appoint counsel for an indigent criminal defendant charged with an offense for which imprisonment, although authorized by statute, is not imposed. The court then examined relevant sections of the Pennsylvania Rules of Criminal Procedure. Rule 316 provides that,

> (a) Counsel shall be assigned in all summary cases to all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed.
>
> . . . .
>
> (c)(i) The court, of its own motion, shall assign counsel to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 316. Taking *Scott* and Pa.R.Crim.P. 316 together, the Court determined that "there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel." *Commonwealth v. Thomas*, 510 Pa. at 111, 507 A.2d at 59 (1986). Thus, the Court concluded that because neither Thomas nor Bruce incurred prison sentences for their first retail theft offenses, their constitutional right to counsel did not attach.

The Court then turned to the question of whether appellants' uncounseled convictions could enhance the degree of their second convictions from summary offenses to second degree misdemeanors. To answer this question, the court analyzed the United States Supreme Court's plurality opinion in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64

L.Ed.2d 169 (1980). After reviewing the three concurring opinions and one dissenting opinion that accompany the per curiam opinion in *Baldasar*,[3] the Court concluded that,

> Four Justices would uphold the use of appellants' convictions for their summary offenses to enhance the grading and sentencing for their second offenses, because appellants did not actually receive sentences of imprisonment for their summary offenses. A fifth Justice would uphold the use of appellants' first convictions to enhance the grading and sentencing for their second offenses, because appellants' summary offenses were not punishable by more than six months imprisonment. Thus, a majority of the Supreme Court, had it been asked to consider the facts of this case, would have held that appellant Bruce's and appellant Thomas's uncounseled summary offense convictions obtained under the Pennsylvania statute for retail theft could be used under an enhanced penalty statute to convert their subsequent offenses into misdemeanors which carry longer potential prison terms and larger fines (footnote omitted).

*Commonwealth v. Thomas*, 510 Pa. at 113, 507 A.2d at 61 (1986).

The facts of the case at bar support the same conclusion. Like appellants Thomas and Bruce, appellant Mortimer did not receive a prison sentence for his summary offense conviction. Rather, he was fined $100 and assessed $26 costs. Additionally, Mortimer's summary offense of retail theft was not punishable by more than six months imprison-

---

**3.** Justice Stewart, joined by Justices Brennan and Stevens, authored one concurrence. Justice Marshall, joined by Justices Brennan and Stevens, also concurred. In *Thomas*, the Pennsylvania Supreme Court determined that these opinions, when taken together, would establish that a first uncounseled conviction may never be the basis for upgrading a second offense. The four dissenting Justices (Justice Powell, joined by Chief Justice Burger, and Justices White and Rehnquist) would have held that an uncounseled conviction punished by means other than imprisonment may be used to enhance the grading and sentencing of a second conviction. Justice Blackmun adhered to his dissent in *Scott* and would have held that the right to counsel attaches whenever a criminal defendant is prosecuted for an offense punishable by more than six months imprisonment.

ment.[4] Thus, Mortimer's conviction contains the elements required by the four Justices who would use the prison sentence itself as their criterion as well as those required by the Justice who would use the length of the maximum allowable imprisonment as his criterion.

*Thomas* differs only from the instant case in that appellants Thomas and Bruce were both juveniles when they were first convicted of retail theft. Appellant Mortimer was an adult at the time of his first retail theft conviction. A close examination of *Thomas*, however, reveals that this factual dissimilarity is irrelevant. The Juvenile Act governs the disposition of juveniles charged with "delinquent acts," which the Act defines as any "act designated a crime under the law of this Commonwealth." 42 Pa.C.S. § 6302. The Juvenile Act specifically excludes summary offenses from the term "delinquent acts." *See In Interest of Leonardo*, 291 Pa.Super. 644, 436 A.2d 685 (1981). Although the appellants in *Thomas* were juveniles the first time they were convicted of retail theft, they were not eligible for consideration under the Juvenile Act because their theft involved merchandise valued below $150, which as a first offense is graded as a summary violation. Appellants Thomas and Bruce, therefore, were prosecuted as though they were adults. They, like appellant Mortimer, sustained adult criminal convictions for their first act of retail theft.

With this factual distinction resolved, we may consider the Pennsylvania Supreme Court's holding in *Thomas* to be dispositive of the issue raised by appellant Mortimer. The Supreme Court stated in *Thomas*,

> We hold, therefore, that since appellants' first convictions were validly entered pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Pennsylvania Constitution, the Pennsylvania retail theft statute, and the Pennsylvania Rules of Criminal Procedure, the validity of those convictions was not impugned when appellants were

---

4. 18 Pa.C.S. § 106(c)(2) provides that persons convicted of summary offenses may be sentenced to a maximum of 90 days in prison.

charged with misdemeanors, rather than summary offenses, for their second offenses of retail theft, and were sentenced upon conviction of those misdemeanors. Appellants' subsequent criminal conduct did not create a right to counsel, where none otherwise existed, for their summary offenses of retail theft.

510 Pa. at 114, 507 A.2d at 61 (1986). Following the ruling of our Supreme Court, we hold that appellant's uncounseled summary offense conviction was properly used to enhance his subsequent offense to a misdemeanor.

Judgment of sentence affirmed.