## Commonwealth v. Haegele

*Mary MacNeil Killinger, assistant district attorney,* for the commonwealth.
*Francis X. Meehan,* for defendant:

SUBERS, *J.,* September 8, 1988 — Defendant, Richard Haegele, was charged wih driving while his operating privileges were suspended — DUI related.[1] The facts may be briefly stated.[2] On February 16, 1987, defendant was stopped in Rockledge Borough, Montgomery County, and issued a citation for driving while under suspension by Officer G. L. Miller of the Rockledge Borough Police Department. Upon his conviction of driving while under suspension by District Justice M. William Peterson, defendant appealed to this court. In a trial de novo held January 14, 1988, this court found defendant guilty of driving while under suspension.[3] On January 21, 1988, defendant filed motions for new trial and in arrest of judgment which were dismissed by this court on March 24, 1988, for failure to comply with our order of January 25, 1988. On April 15, 1988, defendant was sentenced to undergo imprisonment for six months and to pay a fine of $500.[4]

---

1. 75 Pa.C.S. §1543(b).

2. Defendant has not requested that the notes of testimony from the hearing of January 14, 1988 be transcribed.

3. 75 Pa.C.S. §1543(a).

4. Defendant was sentenced pursuant to 75 Pa.C.S. §6503 which provides for up to six months' imprisonment or a fine of not less than $200 nor more than $1,000 or both for any person convicted of a second or subsequent violation of certain provisions of the Vehicle Code.

Defendant filed a motion to modify sentence on April 25, 1988. On May 10, 1988, this court revoked the sentence previously imposed pending argument on defendant's motion. Following argument, defendant's motion to modify sentence was denied on May 19, 1988. On June 6, 1988, defendant was sentenced to undergo imprisonment for three months and pay a fine of $500. Defendant now appeals.

## ISSUES

(1) Whether section 1543(a) of the Vehicle Code (relating to driving while under suspension) is a lesser included offense of section 1543(b) (relating to driving while under suspension-DUI related) so that defendant's conviction under section 1543(a) was proper although defendant was originally cited for violation of section 1543(b).

(2) Whether this court erred in imposing sentence pursuant to section 6503 of the Vehicle Code (relating to subsequent violations of certain sections of the Vehicle Code).

## DISCUSSION

Defendant first argues that this court erred in finding him guilty of violating section 1543(a) of the Vehicle Code when the citation issued charged him with violating section 1543(b). Section 1543 of the Vehicle Code reads, in pertinent part:

§ 1543. Driving while operating privilege is suspended or revoked—

"(a) *Offense defined* — Except as provided in subsection (b), any person who drives a motor vehicle on any highways or trafficway of this commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege

and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

"(b) *Certain offenses* — Any person who drives a motor vehicle on any highway or trafficway of this commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

"(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period." As amended Act of December 15, 1982, P.L. 1268, §4, effective in 30 days; Act of December 11, 1986, P.L. 1530, §4, effective in 60 days; Act of November 23, 1987, P.L. 399, §3, effective in 60 days.

At trial the undersigned found defendant guilty of driving while under suspension pursuant to section 1543(a), and held that section 1543(a) is a lesser included offense of section 1543(b). Defendant contends that this court erred in making that finding and that his conviction was therefore improper because the commonwealth never sought to amend the citation to include section 1543(a). We disagree.

It is well established that upon being charged with a particular crime a defendant may be convicted of a lesser included offense within the crime. *Commonwealth v. Soudani,* 398 Pa. 546, 159 A.2d 687 (1960), cert. denied 364 U.S. 886 (1960). The test for determining whether an offense is a lesser

included offense is whether all the essential elements of the lesser offense are included as elements of the greater. *Commonwealth v. Wood*, 327 Pa. Super. 351, 475 A.2d 834 (1984) (citing *Commonwealth v. Williams*, 299 Pa. Super. 278, 445 A.2d 753 (1982); *Commonwealth v. Wise*, 298 Pa. Super. 485, 444 A.2d 1287 (1982); *Commonwealth v. Gouse*, 287 Pa. Super. 120, 429 A.2d 1129 (1981)). Stated another way, the court is to examine whether the greater offense "necessarily involves" the lesser. *Commonwealth v. Pemberth*, 339 Pa. Super. 428, 489 A.2d 235 (1985) (citing *Commonwealth ex rel. Moszczynski v Ashe*, 343 Pa. 102, 21 A.2d 920 (1940)).

Applying this test to the case at bar, the essential elements of section 1543(a) are included in section 1543(b). More specifically, section 1543(a) requires proof that defendant drove a motor vehicle while his operating privileges were suspended, revoked or cancelled. Section 1543(b) requires proof of the same facts but also requires the commonwealth to establish that defendant's driving privileges were suspended or revoked (1) as a condition of acceptance into the Accelerated Rehabilitative Disposition program as a result of driving under the influence; or (2) suspended as a result of refusing to submit to chemical analysis or (3) for driving under the influence. Clearly, proof of driving under the influence — DUI related (section 1543(b)) necessarily involves proof of a violation of section 1543(a) and therefore section 1543(a) is a lesser included offense.

Defendant also argues that the sentence this court imposed pursuant to section 6503 of the Vehicle Code is improper. Defendant raises several issues with respect to section 6503. That section provides:

"§6503. Subsequent convictions of certain offenses—

"Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:

"Section 1501(a) (relating to drivers required to be licensed).

"Section 1543 (relating to driving while operating privilege is suspended or revoked).

"Section 3367 (relating to racing on highways).

"Section 3733 (relating to fleeing or attempting to elude police officer).

"Section 3734 (relating to driving without lights to avoid identification or arrest).

"Section 3748 (relating to false reports)." As amended July 9, 1986, P.L. 544, §3, effective in 60 days.

The first issue raised with respect to section 6503 is whether a certified copy of defendant's driving record is sufficient to prove that the instant violation is a second or subsequent offense as contemplated by that section. Defendant argues that the best evidence of prior conviction would have been a certified record of conviction rather than a copy of his driving record. At the sentencing hearing held June 6, 1988, defendant failed to object to introduction of the certified driving record in lieu of a certified record of conviction. Accordingly, any objection defendant may have had has been waived.

Defendant next asserts that the sentence imposed pursuant to section 6503 was improper because the commonwealth failed to establish that the prior conviction(s) were obtained while defendant had the assistance of counsel. We find defendant's argument to be meritless.

Generally, the prosecution may not use prior uncounseled convictions to support guilt or enhance punishment. *Burgett v. Texas,* 389 U.S. 109 (1967). The burden of alleging invalid prior convictions is on defendant. *Commonwealth v. Charles,* 339 Pa. Super. 284, 488 A.2d 1132 (1985). If the allegations appear to have merit the court then must require the commonwealth to produce evidence showing the validity of the convictions. *Charles, supra.*

Although *Charles* addressed the problem of establishing the validity of prior convictions as shown in a presentence report rather than in the context of section 6503, we believe that the holding of the *Charles* court is equally applicable to the case at bar. That holding was based on an interpretation of the U.S. Supreme Court's holding in *Burgett v. Texas, supra,* wherein the court held that it was a violation of due process to use prior convictions against a defendant where they were obtained in violation of his right to counsel. Although guided by the sentencing guidelines (not applicable to this case), the *Charles* court based its decision on the requirements of due process and thus should not be limited in application to those cases governed by the sentencing guidelines.

Applying the *Charles* rule to the instant case defendant's argument must fail. Defendant never contended at the hearing nor at sentencing that the prior conviction(s) were constitutionally infirm. The commonwealth therefore, had no duty to establish the validity of these convictions, only the fact that they exist.

Furthermore, it is doubtful whether defendant even had a right to counsel at the earlier proceeding. Where it is not likely that imprisonment will be imposed there is no right to appointed counsel in a

summary proceeding. *Commonwealth v. Thomas*, 510 Pa. 106, 507 A.2d 57 (1986). Where there was no right to counsel at the prior summary proceeding there is no bar to the use of that uncounselled conviction for purposes of sentence enhancement: *Commonwealth v. Mortimer*, 356 Pa. Super. 262, 514 A.2d 602 (1986).

Defendant also argues that the sentence was improper because he was never given notice of the commonwealth's intention to proceed under section 6503. Defendant is mistaken. At the hearing on defendant's summary appeal the assistant district attorney advised defendant, on the record, of his intention to proceed under section 6503. Unfortunately, defendant has failed to request the transcription of the notes of testimony as required by rule 1911 of the Rules of Appellate Procedure. As a consequence of defendant's failure to comply with rule 1911, this court cannot cite to a specific page in the notes of testimony where the commonwealth advised defendant of its intention to proceed under section 6503. Defendant should not benefit from his failure to comply with the Rules of Appellate Procedure. In any event, defendant was notified and cannot now complain of a violation of his due process rights.

Defendant also complains that he has been denied his right to a trial by jury. We disagree. There is no right to trial by jury in a summary proceeding when the sentence of imprisonment actually imposed is six months or less: *Bacik v. Commonwealth*, 61 Pa.Commw. 552, 434 A.2d 860 (1981), appeal dismissed 456 U.S. 967 (1981). In the instant case, defendant was sentenced to a term of imprisonment of three months. Accordingly, defendant has not been denied the right to trial by jury since none exists in this case.

Finally, defendant argues that section 6503 is unconstitutional because it fails to set a time limit for the use of prior convictions to enhance sentencing for certain violations of the Vehicle Code. This argument is without arguable merit. Defendant has cited no case law, and we can find none, to support his argument.

A party who challenges the constitutionality of a law carries a heavy burden of proof. It has been said:

"Legislative enactments are presumed valid and will be stricken only if incapable of a constitutional construction. Appellant thus carries the heavy burden of demonstrating that the challenged statute clearly, plainly, and palpably violates the United States or Pennsylvania Constitution." *Commonwealth v. Rumsey,* 309 Pa.Super. 137, 139-40, 454 A.2d 1121, 1122 (1983), citing *Commonwealth v. Robinson,* 497 Pa. 49, 438 A.2d 964 (1981). Defendant has failed to meet this burden.

Defendant's sole argument with respect to the constitutionality of section 6503 appears to be that this section denies him his due process of law because it fails to set a time limit for the use of prior convictions. We disagree.

"It is well established that the due process clause protects an *accused* from *conviction* by requiring proof beyond a reasonable doubt of every fact necessary to constitute the crime which he is charged . . . While sentencing hearings are not immune from due process challenges, the United States Supreme Court has only required minimal due process protections at sentencing proceedings." *Commonwealth v. Jenkins, supra.* See also *In re Winship,* 397 U.S. 358 (1970); *Commonwealth v. McNeill,* 461 Pa. 709, 337 A.2d 840 (1975); and *U.S. v. Grayson,* 438 U.S. 41 (1978).

The *Jenkins* court went on to quote the U.S. Supreme Court as stating:

"Due process requires only that the defendant be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross examine, and to offer evidence on his own." *Specht v. Patterson,* 386 U.S. 605 (1967).

We conclude that in the instant case, all of the elements of due process were met, and defendant's claim to the contrary is without merit.

Defendant's claim that section 6503 violates time limits established by 42 Pa.C.S. §5553 is likewise without merit. Section 5553 concerns the limitation periods applicable to summary offenses involving vehicles. Subsection (e) provides that no proceedings pursuant to a summary offense under the Vehicle Code shall be held after two years of the commission of the offense. This subsection clearly refers to proceedings relative to guilt or innocence *not* the consideration of prior convictions for sentencing purposes. Were we to accept defendant's argument we would be thwarting the intent of the legislature in adopting section 6503, to protect the users of the highways.

Additionally, we must dismiss defendant's argument because it fails to appreciate the intent behind recidivist statutes. That reasoning is consistent with the notion that "[l]egislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense." 39 Am.Jur.2d Habitual Criminals §6. Section 6503 addresses the same concerns and appropriately sets forth the maximum penalty for those twice convicted of violating certain serious provisions of the Motor Vehicle Code.

## CONCLUSION

Based upon the foregoing analysis the judgment of sentence entered on June 6, 1988, was proper and should be affirmed.