**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRICE EDWARD BENNETT, JR. | : | |
| | : | |
| Appellant | : | No. 244 MDA 2017 |

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000822-2013

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                              **FILED JULY 09, 2018**

Appellant, Brice Edward Bennett, Jr., appeals from the January 30, 2017 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of ***Turner/Finley***, and this appeal is without merit, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order denying Appellant's PCRA petition.

The factual background and procedural history of this case are as follows.  Appellant left a Giant grocery store without paying for several meat

items which were hidden in his jacket. On February 26, 2013, the Commonwealth charged Appellant via criminal information with retail theft.[1] On July 12, 2013, Appellant was convicted of that offense. On October 30, 2013, the trial court sentenced Appellant to 18 to 36 months' imprisonment. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Bennett*, 107 A.3d 228, 2014 WL 10575355 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 113 A.3d 278 (Pa. 2015).

On April 23, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On January 30, 2017, at the conclusion of an evidentiary hearing, the PCRA court denied the petition. This timely appeal followed.[2]

Counsel presents four issues in his *Turner/Finley* letter:

1. Whether counsel was ineffective in failing to have a stenographer present at the preliminary hearing?

2. Whether counsel was ineffective in failing to file a suppression motion based upon an illegal arrest?

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] Appellant failed to file a concise statement of errors complained of on appeal as ordered by the PCRA court. *See* Pa.R.A.P. 1925(b). Because counsel filed a *Turner/Finley* letter, we decline to find waiver on this basis. *Cf. Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (declining to find waiver when counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981)).

3. Whether counsel was ineffective in failing to object to the [grading] of the offense as a felony . . . ?

4. Whether counsel was ineffective in failing to object at the time of sentencing to a 1982 conviction referenced in the pre-sentence report?

*Turner/Finley* Brief at 1-2.[3]

Prior to addressing the merits of the issues raised in counsel's *Turner/Finley* letter, we must determine whether he met the procedural requirements to withdraw as counsel. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court — PCRA court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

---

[3] Appellant filed a response to counsel's *Turner/Finley* letter in which he raises several ineffective assistance of counsel claims not addressed in counsel's letter. These additional ineffective assistance of counsel claims, however, were not included in Appellant's amended PCRA petition. Accordingly, these issues are waived. *See* Pa.R.A.P. 302(a).

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–511 (Pa. Super. 2016) (cleaned up). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel.

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted). The four issues raised in counsel's *Turner/Finley* letter challenge the effectiveness of Appellant's trial counsel.[4]

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some

_____

[4] Appellant represented himself at trial; however, he was represented by counsel prior to trial and after he was convicted. For convenience, we will refer to this counsel as trial counsel.

- 4 -

reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

The first issue in counsel's ***Turner/Finley*** letter is whether trial counsel was ineffective for failing to secure a stenographer for Appellant's preliminary hearing. Appellant's claim fails because he fails to show that he was prejudiced by the lack of a stenographer at the preliminary hearing. Appellant contends that the lack of a stenographer was prejudicial because the responding police officer's testimony at trial was inconsistent with his testimony at the preliminary hearing. Trial counsel, however, testified that there were no inconsistencies. N.T., 1/30/17, at 29. Moreover, the officer's testimony at trial was consistent with the affidavit of probable cause he executed in this case. Hence, Appellant failed to plead and prove that his trial counsel was ineffective for failing to secure a stenographer for the preliminary hearing.

The second issue in counsel's ***Turner/Finley*** letter is whether trial counsel was ineffective for failing to file a suppression motion. Appellant's underlying claim lacks arguable merit because Appellant points to no evidence

that his arrest was illegal and/or that suppression of the stolen merchandise was required by law. The record reflects that a Giant cashier witnessed Appellant take several meat products from the store without paying for them. The cashier notified police who pursued Appellant and arrested him. The information provided by the cashier provided probable cause to arrest Appellant.

The third issue in counsel's **_Turner/Finley_** letter is whether trial counsel was ineffective for failing to argue that Appellant's conviction was improperly graded as a felony. Appellant's underlying claim lacks arguable merit because a third conviction for retail theft is graded as a felony even if the two prior convictions for retail theft were summary offenses. **_See_** 18 Pa.C.S.A. § 3929(b)(1)(iv); **_see also Commonwealth v. Mortimer_**, 514 A.2d 602, 603-605 (Pa. Super. 1986). As Appellant had two prior convictions for retail theft, his conviction was properly graded as a felony.

The final issue in counsel's **_Turner/Finley_** letter is whether counsel was ineffective for failing to object to the prosecutor referencing a 1982 conviction at the sentencing hearing. Appellant contends that this conviction was invalid because it was a result of perjury. Appellant's underlying claim lacks arguable merit because a defendant cannot collaterally attack a prior conviction at sentencing. **_See Commonwealth v. Lewis_**, 743 A.2d 907, 910 (Pa. 2000).

In sum, counsel complied with the procedural requirements for withdrawing as counsel in this collateral appeal. The issues Appellant wished

to pursue in his PCRA petition are without merit. Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant's petition.

Petition to withdraw as counsel granted. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/09/2018