441 A.2d 410

**COMMONWEALTH of Pennsylvania**

v.

**Andrew BELZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed Feb. 5, 1982.

184

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Criminal Division, and involves defendant-appellant's appeal from a conviction of 18 Pa.C.S.A. 5506 (loitering and prowling). Defendant claims that the evidence produced at trial is insufficient to support the verdict.

At trial, a Jill Seiple testified that she awoke at approximately 2:00 A.M. on August 23, 1979 while in her home on Montour Street in Philadelphia, Pennsylvania. She heard someone outside her home walking and coughing. Looking outside the home she observed the defendant walk South on the sidewalk of Montour Street and turn into a dead end driveway which was located between her home and the rear yards of other homes. She watched the defendant walk along a driveway, using a flashlight, and then walk back and enter the rear yard of a neighbor's property. Entry was gained through a metal gate which was opened quickly by the defendant. The witness then observed the defendant at a shed in the neighbor's yard. At that point she telephoned the police since the defendant was a stranger to her. The police responded shortly before 3:00 A.M. Officer Walter Meredith observed the defendant near Seiple's home. As the officer approached, the defendant attempted to dispose of the flashlight by placing it into a mailbox. The officer then arrested the defendant and searched him, recovering a knife, and retrieved the flashlight. He then brought the defendant to Seiple who identified him. Defendant was charged with loitering and prowling at night time and possession of an instrument of crime (the knife). He was convicted of the first charge and acquitted of the second

after his trial in Municipal Court. He then appealed the first charge to the Court of Common Pleas of Philadelphia County which affirmed his conviction. This appeal followed.

The offense of loitering and prowling at night time is defined as follows:

"Whoever at night time maliciously loiters or maliciously prowls around a dwelling house or any place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor of the third degree." *18 Pa.C.S.A. 5506.*

Defendant claims that the evidence produced at trial is insufficient to support the verdict. He admits that the Commonwealth proved that he entered onto private property at night time but argues that the record does not indicate that he "loitered" or "prowled" or that his conduct was "malicious".

"Malicious", as used in the instant statute, means an intent to do a wrongful act or having as its purpose injury to the privacy, person, or property of another. *Com. v. Bean,* 36 Leh.L.J. 350 (1975); *Com. v. Dial,* 445 Pa. 251, 285 A.2d 125 (1972). To "loiter" is "to stand around or move slowly about; to spend time idly; to saunter; to delay; to linger; to lag behind". To "prowl" is "to rove or wander over in a stealthy manner; to pace or roam furtively". *Com. v. DeWan,* 181 Pa.Super. 203, 124 A.2d 139 (1956).

The Act in question "is intended to punish not only those persons who at night are bent on peeping into the private affairs of citizens in their dwellings, but also those persons who are found at or near dwellings without lawful purpose or reason and whose presence can only be explained in some preparation for or attempt at illegality or crime." *Com. v. DeWan, Supra.* In *Com. v. DeWan,* the defendant was apprehended at 7:30 P.M. in a passageway between a nurses' home and the fence line of the property next door. Two nurses had heard the snapping of leaves and twigs outside, had seen a figure in the passageway, and had called police. When the police arrived at the scene they heard a

"thump", observed a person on the ground and apprehended the defendant. Defendant's conviction for loitering and prowling at night time was upheld. In *Com. v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974), the defendant entered the rear fire tower of St. Joseph's Hospital in Philadelphia at 9:25 P.M. after the end of visiting hours. A nurse heard a noise in the tower, called police, and defendant was found by them in the fire tower at 9:30 P.M. His conviction for loitering and prowling at night time was also upheld. In that case the court held that although penal statutes must be strictly construed, it is not required "that the words of a criminal statute be given their narrowest meaning or that the lawmaker's evident intent must be disregarded".

In the instant case the defendant was observed at 2:00 A.M. in a private passageway beside Ms. Seiple's dwelling house. He then walked to a neighbor's side, unlocked a gate, entered the yard, and approached a shed in the yard. When apprehended by police he attempted to hide the flashlight he was carrying and had a knife in his possession. Accepting the evidence in the light most favorable to the verdict winner as we must, we find that the Commonwealth produced sufficient evidence at trial to permit the fact finder to determine that the defendant was maliciously loitering and prowling at or around a private dwelling house during the predawn hours of August 23, 1979. His actions surely had the effect of invading the property of others, at night time, and occurred at or near private dwelling houses. His actions in remaining in the private passageway and then entering the neighbor's yard after unlocking the metal gate demonstrate that he "lingered" in the area. His attempt to conceal the flashlight from the police constituted the "furtive" behavior involved in the act of prowling. He also "roamed" or "wandered" through the private passageway and into the neighbor's yard. Because all of the elements of the offense were proven, we hold that the court below did not err in refusing to overturn defendant's conviction for insufficiency of evidence.

Judgment of sentence affirmed.