518 A.2d 577

**COMMONWEALTH of Pennsylvania**

v.

**Mathew BULICKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1986.

Filed Dec. 2, 1986.

84

Douglas M. Johnson, Assistant Public Defender, Norristown, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before CIRILLO, President Judge, and McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant, Mathew Bulicki, was found guilty of loitering and prowling at nighttime, pursuant to 18 Pa.C.S.A. § 5506,[1] in a jury trial before the Court of Common Pleas of Montgomery County. Appellant thereafter filed post-verdict motions, which the trial court denied. The Honorable Joseph H. Stanziani subsequently sentenced appellant to six to twelve months' imprisonment. This appeal followed.

Appellant raises two issues on appeal: (1) whether the trial court erred in refusing to instruct the jury on the legal definition of nighttime; (2) whether the jury's verdict was contrary to the weight of the evidence. We find appellant's contentions to be meritless and, consequently, affirm the trial court's decision.

1. 18 Pa.C.S.A. § 5506, Loitering and Prowling at Nighttime, provides: Whoever at *nighttime* maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor of the third degree.

During the early morning hours of September 14, 1985, Mr. and Mrs. Michael Regan were at home, resting in their bedroom. At about 5:50 a.m., Mrs. Regan noticed appellant's van parked outside her home. At about 6:05 a.m., Mr. Regan, upon arising from his bed, noticed an odor of cigarette smoke coming from an open bedroom window, even though neither he nor his wife smoke. Approximately twenty-five minutes later, Mrs. Regan pulled aside the drawn shades of the open window and noticed appellant's face staring into the bedroom. Appellant was subsequently arrested and charged with loitering and prowling at nighttime in violation of 18 Pa.C.S.A. § 5506.

Appellant first contends that the trial court erred in refusing to instruct the jury as to the legal definition of nighttime since the crime of loitering and prowling must occur at nighttime pursuant to 18 Pa.C.S.A. § 5506.[2] Pennsylvania has never judicially or statutorily defined nighttime, but appellant's counsel submitted to the trial judge jury instructions encompassing a legal definition of nighttime adopted in another state. The trial judge, however, refused to utilize this proposed instruction; rather, he advised the jury to consider their own experience and common sense in ascertaining what is nighttime. For the three reasons discussed below, we believe the trial court acted properly in refusing to use appellant's proposed jury instruction. The first reason concerns the nature of the judge's jury charge, and the latter two reasons concern the interpretation of the word "nighttime."

First, trial judges have broad discretion in phrasing and formulating jury charges, as well as handling jurors' request for clarification of confusing charges. *See Com-*

---

**2.** *Commonwealth v. Brown*, 20 Chest.Law R. 253 (1972), noted:

To constitute the crime [of loitering and prowling at nighttime] there must be the concurrence of the following elements and circumstances: (1) there must be a loitering and prowling; (2) it must be done maliciously; (3) the act must occur around a dwelling house or other place used wholly or in part for dwelling or living purposes; (4) the place so used must belong or be occupied by another; (5) it must be done at nighttime.

*Id.* at 256.

*monwealth v. Kidd,* 251 Pa.Super. 140, 145, 380 A.2d 416, 419 (1977). In the present case, the trial judge properly instructed the jury to consider its own experience and common sense in determining if appellant's actions occurred at night. In confronting a similar situation, the Ohio Supreme Court noted:

> The jury has the right to apply this common experience of mankind to the determination of the time when the breaking and entering was committed. It was within the province of the jury here to conclude that the defendant worked under the cover of darkness, and the facts developed and circumstances surrounding the commission of the offense were such that it could logically conclude that the defendant did so operate.

*State v. Stuttler,* 172 Ohio St. 311, 313, 175 N.E.2d 728, 731 (1961).

Second, Pennsylvania courts have stated that "in the absence of legislative definitions, the meaning of words are ascribed their ordinary definitions." *Commonwealth v. DeWan,* 181 Pa.Super. 203, 207–8, 124 A.2d 139, 140 (1956). *See also Lenkiewicz v. Workmen's Compensation Appeal Board,* 39 Pa.Commw. 241, 243, 395 A.2d 307, 308 (1978) (if the legislature does not deem it necessary to define a word, the court must apply the plain and ordinary meaning of the word). Though not statutorily defined in Pennsylvania, nighttime means "the time from dusk to dawn." *Webster's Third New International Dictionary* 1528 (3d Ed.1976). In the present case, appellant was seen outside the Regans' home approximately fifteen minutes prior to sunrise, which was 6:50 a.m. on the day in question.[3] Appellant's actions, consequently, happened during the night since dawn occurred after appellant was spotted peering into the bedroom.

Last, at common law in the absence of statutory definition, nighttime was defined as "the period between sunset

**3.** "Prior to the trial, the parties stipulated to defense exhibit A–1, a document from the United States Naval Observatory stating that sunrise on September 24, 1985, was at 6:50 a.m." Trial court opinion at p. 2.

and sunrise during which there is not daylight enough by which to discern a man's face." *State v. Dougherty,* 186 Kan. 820, 821, 352 P.2d 1031, 1032 (1960). *See also State v. Billings,* 242 N.W.2d 726, 729 (Iowa, 1976); *State v. Hammonds,* 616 S.W.2d 890, 894 (Tenn.Cr.App.1981). Pennsylvania's legislature has not statutorily defined nighttime in its criminal prowling statute, and Pennsylvania's courts have not previously defined or construed the word "nighttime." The common law definition of nighttime, consequently, applies in the present case, and testimony adduced at trial revealed that it was still very dark outside when appellant was spotted, pursued, and apprehended outside the victims' home.

■ Appellant's second contention is that the jury's verdict is contrary to the weight of the evidence since the Commonwealth failed to establish beyond doubt that appellant's activity occurred at nighttime. In *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978), the Pennsylvania Supreme Court stated the appellate standard of review to be applied in testing the sufficiency of the evidence:

> The test to be applied ... is whether, viewing all of the evidence at trial in the light most favorable to the Commonwealth, the verdict winner, and drawing inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. Further, while it is clear that a criminal conviction may not be based upon mere speculation or conjecture, evidence may still be found sufficient even though wholly circumstantial.

*Id.,* 480 Pa. at 98, 389 A.2d at 103–4. Viewed in light of this standard, we believe the Commonwealth's evidence regarding the element of nighttime was sufficient to support the jury's verdict. As the trial court aptly stated:

> Mrs. Regan, Mr. Regan and Officer Furlong of the Cheltenham Police Department all testified that it was dark outside at the time of the incident. (Transcript pp. 34, 84, 98.) Mrs. Regan and Officer Furlong testified that car headlights were required at that time. (Transcript pp. 40,

98.) And Mrs. Regan, Mr. Regan, Officer Furlong and even the defendant testified that the street lights were on during the pursuit and apprehension of the defendant. (Transcript pp. 40, 98, 136.)

Trial court opinion at p. 7. The jury accepted this evidence of nighttime, and we believe the evidence was sufficient to establish appellant's actions occurred at night.

Accordingly, we affirm.