**COMMONWEALTH of Pennsylvania**

**v.**

**Leon SEWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1997.

Filed Nov. 19, 1997.

Kevin G. Sasinoski, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before KELLY, HUDOCK and BROSKY, JJ.

BROSKY, Judge.

Leon Sewell appeals from the judgment of sentence of the trial court following his bench trial convictions of three counts of harassment.[1]

On October 31, 1995, at approximately 10:30–11:00 p.m., Emily Johnson, her common-law husband Edward Downer and their son Eddie returned to their home at 915 North Lang Avenue in Pittsburgh. As they pulled the car up to their house they noticed appellant standing on the sidewalk in front of the house. Both Johnson and Downer recognized appellant as the man who, three days earlier, stood on their lawn and threw a rock and broke a window in the house; appellant then attempted to enter the house through the broken window. N.T., 11/25/96, at 15. Appellant was arrested regarding the earlier incident.[2]

**1.** Harassment is a summary offense.

**2.** At trial, both Johnson and Downer identified appellant as the person they observed on both occasions.

Regarding the first incident, none of the parties has informed us of the charges against appellant; however, the charges were nol prossed. N.T., 11/25/96, at 7–8.

As Johnson parked the car in front of the house, appellant turned and ran into an alley located approximately 1–½ blocks from the house. Johnson and Downer then carried their invalid son into the house and locked the door to the house. They then observed appellant and another person emerge from the alley and stare at the Johnson–Downer house. Johnson then heard several gunshots and called the police; the police arrived and arrested appellant.

Appellant was charged with loitering and prowling at nighttime. Appellant proceeded to a bench trial before the Honorable David R. Cashman. Judge Cashman acquitted appellant of loitering and prowling at nighttime, but convicted him of three counts of summary harassment.[3]

■ Appellant claims on appeal that, "Because harassment has an element not necessary for a conviction of loitering and prowling at nighttime, harassment is not a lesser included offense of loitering and prowling at nighttime." Appellant's Brief at 9. Under the facts of the instant case, we are constrained to reverse the judgment of sentence of the trial court.

■ "[U]pon indictment for a particular crime, a defendant may be convicted of a lesser offense included within that crime." *Commonwealth v. Pemberth*, 339 Pa.Super. 428, 429, 489 A.2d 235, 236 (1985). As long as conviction is for a lesser-included offense, the defendant will have been put on notice of the charges against him and can adequately prepare a defense. *Id.* at 431–32, 489 A.2d at 237.

■ Our Court stated in *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915 (1994),

A lesser-included offense is a crime having elements of which are a necessary subcomponent of elements of another crime, the greater offense. The elements in the lesser-included offense are all contained in the greater offense; however, the greater offense contains one or more elements not contained in the lesser-included offense. [Citations omitted.]

*Id.* at 318, 647 A.2d at 927.

18 Pa.C.S. § 5506 states:

**Loitering and prowling at night time.**

Whoever at night time [sic] maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor of the third degree.

*Id.* Our Court stated in *Commonwealth v. Bulicki*, 359 Pa.Super. 83, 518 A.2d 577 (1986),

To constitute the crime of loitering and prowling at nighttime there must be the concurrence of the following elements and circumstances: (1) there must be a loitering and prowling; (2) it must be done maliciously; (3) the act must occur around a dwelling house or other place used wholly or in part for dwelling or living purposes; (4) the place so used must belong or be occupied by another; (5) it must be done at nighttime. [Citation omitted.]

*Id.* at 85 n. 2, 518 A.2d at 578, n. 2. In defining the terms utilized in the instant statute, our Court stated in *Commonwealth v. Belz*, 295 Pa.Super. 183, 441 A.2d 410 (1982),

" Malicious", as used in the instant statute, means an intent to do a wrongful act or having as its purpose injury to the privacy, person, or property of another. To "loiter" is to stand around or move slowly about; to spend time idly; to saunter; to delay; to linger; to lag behind. To "prowl" is to rove or wander over in a stealthy manner; to pace or roam furtively.

. . . .

The [statute] in question is intended to punish not only those persons who at night are bent on peeping into the private affairs of citizens in their dwellings, but also those persons who are found at or near dwellings without lawful purpose or reason and whose presence can only be explained in

---

**3.** Apparently the three counts relate to Johnson, Downer and their son.

some preparation for or attempt at illegality or crime. [Citations omitted.]

*Id.* at 186, 441 A.2d at 411.

Appellant was convicted of 18 Pa.C.S. § 2709(a)(3), which states:

**Harassment and stalking.**

(a) **Harassment.** A person commits the crime of harassment when, with intent to harass, annoy or alarm another person:

. . . .

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

*Id.* "Course of conduct" means "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa.C.S. § 2709(f). "[H]arassment remains a 'course of conduct.' A single act will not support a conviction . . ." *Commonwealth v. Zullinger,* 450 Pa.Super. 533, 537 n. 2, 676 A.2d 687, 689, n. 2 (1996).

We reiterate that appellant was only charged with loitering and prowling at nighttime; he was not charged with harassment. However, he was convicted of three counts of harassment.

We find that harassment is not a lesser-included offense of loitering and prowling at nighttime; accordingly, we must reverse the judgment of sentence of the trial court.

An element of the crime of harassment is a course of conduct; a single act will not support a conviction. *Id.* The crime of loitering and prowling at nighttime only requires one act (although additional acts can be included). Hence, the elements of harassment, the purported lesser-included offense, are not all contained in loitering and prowling at nighttime, the greater offense. This point is especially pertinent in the instant case since appellant was convicted of harassment, which requires more than one act; hence, since appellant committed only one act on October 31, 1995 (the indictment only refers to loitering and prowling on that date; it does not allege that appellant engaged in a course of

conduct intended to harass the victims), the trial court necessarily had to consider the incident, occurring three days before October 31, 1995, to convict appellant of harassment. However, when appellant was charged with loitering and prowling at nighttime, he was not put on notice that there would be evidence presented regarding the incident three days prior to October 31, 1995; accordingly, he could not adequately prepare a defense to the crime of harassment. *Commonwealth v. Pemberth, supra.* Additionally, the indictment only mentions Johnson's name; it does not mention the other two persons that appellant was convicted of harassing.[4] Since the crime of harassment is not a lesser-included offense of loitering and prowling at nighttime, we find that the trial court erred in convicting appellant of three counts of harassment and we reverse the judgment of sentence of the trial court.

Judgment of sentence reversed. Jurisdiction relinquished.

---

4. As mentioned, *supra,* appellant was convicted of three counts of harassment—one count each

for Johnson, Downer and their son.