J-A11044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. LOWERY | : | |
| | : | |
| Appellant | : | No. 308 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 29, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015203-2018

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  August 5, 2021**

Appellant, Michael L. Lowery, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench convictions of defiant trespass, loitering and prowling at night, criminal mischief, and public drunkenness.[1]  Appellant challenges the sufficiency of the evidence, arguing the Commonwealth failed to: (1) disprove his claim of justification; (2) prove actual communication of notice not to trespass; and (3) prove malicious intent in loitering and prowling.[2]  We affirm.

---

[1] 18 Pa.C.S. §§ 3503(b)(1)(i), 5506, 3304(a)(5), 5505, respectively.

[2] We note that Appellant raised a fourth issue in his Pa.R.A.P. 1925(b) statement —that the Commonwealth failed to prove that the dwelling belonged to or was occupied by another.  However, Appellant does not raise this issue in his brief.

On December 6, 2018, Appellant kicked open the locked door of an office in his apartment building and entered the office. He was charged with criminal trespass and related offenses. Following a preliminary hearing, this case proceeded to a brief, stipulated, non-jury trial on January 29, 2020.[3] The parties stipulated to a surveillance video, the affidavit of probable cause, the preliminary hearing transcript, and a "cost sheet" listing alleged damages. N.T., 1/29/20, at 2. The parties did not present any further evidence, but, as discussed *infra*, Appellant argued he was robbed earlier and his actions were justified because of the cold outdoor temperature.

The trial court made the following findings of facts:

> On December 6, 2018, at approximately 5:30 a.m., Officer Scott Moore of the City of Pittsburgh Police Department responded to 2440 Brownsville Road for a reported burglary. . . . Dispatch indicated that the 9-1-1 caller was . . . Appellant, and that he had stated he kicked in the office door at that location to get warm. Once Officer Moore arrived at the scene, Appellant alleged he had been robbed in the Mount Oliver area of Pittsburgh earlier that morning; however, he did not report the robbery to the police. Appellant further alleged he lived in the apartment building where the office was located, but that his apartment keys had been stolen in the robbery, so he was unable to get into his apartment. Appellant stated he tried knocking on neighbors' doors to let him in but received no response. Appellant further stated that because he had no other place to go, coupled with the cold temperatures, that he kicked in the office door to get warm. Appellant was found in possession of a cell phone, but it was not charged.

---

[3] The transcript of the January 29, 2020, combined bench trial and sentencing spans 11 pages total. N.T. Stipulated Non-Jury & Sentencing, 1/29/20.

[T]he property owner's daughter, Adele Paslow, arrived at the scene. . . Ms. Paslow stated that no items from the office appeared to be missing but that she wanted Appellant arrested for his conduct. She indicated that he was a new tenant in the building. She then provided Officer Moore the building security footage, which showed Appellant lurking on a fellow tenant's balcony near their door. Thereafter, Appellant was observed in the security video leaving the balcony and staggering down the sidewalk toward the office door where he then kicked in the door. Appellant went into the office . . . . A few minutes later, Appellant . . . sits in a chair at a table in the office where he remained until he called 9-1-1 to report his crime. Appellant was taken into custody without incident but was visibly intoxicated, exhibiting glassy, watery eyes and a strong odor of alcohol emanating from his breath.

Trial Ct. Op., 12/22/20 at 4-5 (record citation and footnote omitted).

The trial court found Appellant guilty of defiant trespass, loitering and prowling at night, criminal mischief, and public drunkenness. N.T., 1/29/20 at 11-12. The case proceeded immediately to sentencing. The court sentenced Appellant to one to 90 days' imprisonment for criminal mischief, with credit of 90 days' time served, to be followed by an aggregate probationary term of two years. *Id.*

Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P 1925(b) statement of errors complained of on appeal.

On appeal, Appellant raises the following issues for our review:

I.   Whether the Commonwealth failed to prove that [Appellant's] trespass, loitering, and mischief via breaking of a door after being stranded in the cold was not justified under 18 Pa.C.S. § 503 to prevent his own death or serious bodily injury?

- 3 -

II. Whether the Commonwealth failed to prove that [Appellant] was given actual communication of a notice against trespass in the office of the apartment where he lived to sustain his conviction for defiant trespass?

III. Whether the Commonwealth failed to prove that [Appellant] acted with a malicious intent to sustain his conviction for loitering and prowling outside of his own apartment building?

Appellant's Brief at 5.

In his first issue, Appellant challenges the sufficiency of evidence for all of his convictions, arguing the Commonwealth failed to disprove his defense of justification. Appellant argues he had been assaulted, was robbed of his keys, was locked out of his apartment, believed he was going to freeze outside, "and faced a clear and imminent harm of serious injury or death[.]" Appellant's Brief at 15-16. Appellant maintains that entering the office was reasonable to remedy his needs, where freezing "was a potentially greater harm than merely breaking a door." *Id.* Appellant notes the Commonwealth did not present evidence there were any businesses open between 3:30 and 5:00 a.m. or that he had the means to contact anyone. Appellant thus contends he believed he "had exhausted all of his options" and "he engaged in the least destructive means" possible to protect himself. *Id.* at 16-20. Appellant argues the Commonwealth cannot disprove his justification defense "solely by disbelief of [his] version of events." *Id.* at 22. Finally, Appellant alleges there is no law addressing the instant situation. *Id.* at 22-23.

Preliminarily, we note the Commonwealth argues Appellant's sufficiency claim was not raised in the trial court proceedings and is therefore waived.

Commonwealth's Brief at 11. Appellant responds that a challenge to the sufficiency of evidence can be raised for the first time on appeal, in accordance with Pa.R.Crim.P. 606(A)(7). Appellant's Reply Brief at 2. We agree with Appellant, and thus decline to find waiver. *See* Pa.R.Crim.P. 606(A)(7) ("A defendant may challenge the sufficiency of the evidence to sustain a conviction [in] a challenge to the sufficiency of the evidence made on appeal."). Nevertheless, we conclude no relief is due.

Our standard for a review of the sufficiency of evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

Pennsylvania defines the crime of defiant trespass as, *inter alia*:

A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor[.]

18 Pa.C.S. § 3503(b)(1)(i).  Loitering and prowling is defined as follows:

Whoever at night time maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor of the third degree.

18 Pa.C.S. § 5506.  A person is guilty of criminal mischief if, *inter alia*, he

"intentionally damages real or personal property of another."  18 Pa.C.S.

§ 3304(a)(5).

Pennsylvania recognizes justification as a defense to criminal conduct:

**(a) General rule.**—Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged[.]

18 Pa.C.S. § 503(a)(1).

We note:

"If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt.  Although the Commonwealth is required to disprove a claim of self-defense . . . a jury is not required to believe the testimony of the defendant who raises the claim."

***Commonwealth v. Chine***, 40 A.3d 1239, 1243 (Pa. Super. 2012) (citation

omitted).  Our Supreme Court has explained:

- 6 -

> Our statute (18 Pa.C.S. § 503) adopts the view that a principle of necessity, properly conceived, affords a general justification for conduct that otherwise would constitute an offense; and that such a qualification, like the requirements of culpability, is essential to the rationality and justice of all penal prohibitions. (*See* Model Penal Code Comment T.D. No. 8, pp. 5-10.) The defense of necessity, however, does not arise from a "choice" of several courses of actions; instead it is based on a real emergency. It can be asserted only by an actor who is confronted with such a crisis as a personal danger (to oneself or others), a crisis which does not permit a selection from among several solutions, some of which do not involve criminal acts. Accordingly, the defense can be raised only in situations that deal with harms or evils that are readily apparent and recognizable to reasonable persons. . . .

*Commonwealth v. Capitolo*, 498 A.2d 806, 808-09 (Pa. 1985) (some citations omitted).

The trial court found that, although Appellant's facilities were compromised either by the use of alcohol and/or controlled substances, he was not justified in kicking in the door of the office of the apartment building. Trial Ct. Op. at 7. The trial court further found that Appellant had "less drastic and non-criminal means to alleviate his circumstances." *Id.* As the finder of fact, the trial court was free to believe all, part or none of the evidence, and was free to not believe Appellant's claims. *See Antidormi*, 84 A.3d at 756. We do not reweigh the evidence presented. *See id.* Here, after viewing all the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to enable the trial court to find every element of the crimes beyond a reasonable doubt, and that the harm allegedly sought to be avoided was not greater than the harm sought to be prevented by the law. *See id.*; Trial Ct. Op. at 7. Thus, no relief is due.

Appellant's second argument is that the Commonwealth failed to present evidence of any "actual communication of a notice against trespass." Appellant's Brief at 24. Appellant thus avers the evidence cannot support a defiant trespass conviction. *Id.* at 25. No relief is due.

Proof of a defendant's knowledge of their lack of license to enter a property may be inferred from circumstantial evidence. ***Commonwealth v. Gordon***, 477 A.2d 1342, 1347-48 (Pa. Super. 1984). In ***Gordon***, the Superior Court found the evidence was sufficient, for criminal trespass, to demonstrate the defendant knew he lacked a license to enter the building when "[t]he fact that he knew could be inferred from the evidence of the time and manner of his entry." *Id.* at 1348. The defendant broke into an instrument room in a middle school during a school holiday, having gained entry by removing plywood boards from a window, crawling under a metal gate, and breaking the lock on the door to the instrument room. *Id.* at 1346. The Court held that the defendant's lack of privilege to enter could be inferred from the circumstances surrounding the incident, both in the time and manner of entry. *Id.* at 1348. There was evidence the defendant had "used force" to enter the school premises, and his lack of privilege to enter could also be inferred by the fact that he was in the school after 6:00 p.m. on a school holiday. *Id.*

In the present case, the trial court noted that Appellant was a resident of the building where the office was located. The office was locked, and thus

"[i]t was clear that Appellant was on notice that he was not permitted to enter this separately secured part of the structure for any reason unless specifically granted permission by the owner, or when the office was open during regular business hours." Trial Ct. Op. at 9. Here, as in *Gordon*, Appellant was on notice he was not permitted in the locked office from the "evidence of time and manner of the entry." *See Gordon*, 477 A.2d at 1348. Additionally, as in *Gordon*, Appellant used force to enter the office, as he kicked in the office door. *See id.* We thus agree with the trial court that Appellant's claim is without merit.

Lastly, Appellant argues the Commonwealth failed to prove he acted with the requisite malicious intent to support a conviction for loitering and prowling. He claims he "walked along the main street where he could have easily been seen . . . rather than surreptitiously passing through the rear of" the building. Appellant's Brief at 29. Appellant claims there is "nothing to suggest that [he] had any purpose other than self-preservation." *Id.* Appellant maintains that he had a lawful purpose in trying to access his apartment building, "based on his attempts to get into his own apartment building and the personal danger he was in." *Id.* at 30. We likewise determine no relief is due.

As stated above, loitering and prowling at night is defined as the "maliciously loiter[ing] or maliciously prowl[ing] around a dwelling house . . . belonging to or occupied by another." 18 Pa.C.S. § 5506. Maliciousness, for

purposes of the loitering and prowling statue, "means an intent to do a wrongful act or having as its purpose injury to the privacy, person, or property of another." ***Commonwealth v. Belz,*** 441 A.2d 410, 411 (Pa. Super 1982).

The trial court held that, despite Appellant's allegation that he did not act with malice, he "(1) intentionally loitered and prowled around the apartment building that was clearly a dwelling occupied by multiple tenants, which included the balcony of at least one unit at 5:30 in the morning; (2) did so at nighttime; (3) and did so with a state of mind that was wrongful and his actions were clearly intentional." Trial Ct. Op. at 10. The trial court specifically noted that Appellant was observed on the security video standing on a tenant's balcony near their door, prior to breaking into the office. ***Id.*** We conclude the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that Appellant acted with a malicious intent under the loitering and prowling statute, as his actions had the intentions of doing a "wrongful act" and "injury . . . to the property of another." ***See Antidormi***, 84 A.3d at 756; ***Belz***, 441 A.2d at 411. Appellant's actions, as captured by video evidence, demonstrate that he intentionally loitered and prowled the building, specifically loitering on a tenant's balcony. Appellant's claim that the Commonwealth failed to prove he acted with malicious intent is thus without merit.

As we conclude none of Appellant's issues merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge King joins this Memorandum.

Judge McLaughlin files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2021